[No. 11441.  Department One.  December 26, 1913.]

## WILLIS C. THORP, *Appellant*, v. JOSEPH METZGER *et al.*, *Respondents.*[1]

EXTRADITION—INTERSTATE—REQUISITES.  Under the U. S. Const., art. 4, § 2, and U. S. Rev. Stat. § 5278, providing for interstate extradition of fugitives from justice, the accused must be demanded as a fugitive from justice by the executive of the state from which he fled, and the demand must be accompanied by a copy of the indictment or an affidavit made before a magistrate charging the commission of a crime, which copy must be certified to be by the executive of the demanding state.

HABEAS CORPUS—RETURN—DEMURRER.  In a habeas corpus to release a prisoner, a demurrer to the officer's return admits all the allegations thereof.

EXTRADITION—INTERSTATE—WARRANT—SUFFICIENCY.  An executive warrant for the extradition of a fugitive from justice need not define the crime with which the accused is charged, where it recites that he was charged with a crime, and was accompanied by the certified copy of the indictment or the charge made before a magistrate, as required by the act of Congress.

Appeal from a judgment of the superior court for Yakima county, Grady, J., entered May 10, 1913, dismissing a habeas corpus proceeding, upon sustaining a demurrer to the petition.  Affirmed.

*H. J. Snively*, for appellant.

*The Attorney General* and *John M. Wilson, Assistant*, for respondents.

MAIN, J.—The appellant Willis C. Thorp, was arrested in Yakima county, this state, by virtue of an executive warrant issued by the governor of the state of Washington, upon

[1]Reported in 137 Pac. 330.

a requisition from the governor of the state of Oregon. Omitting the formal parts, this warrant was as follows:

"Whereas, It has been represented to me by His Excellency, Oswald West, governor of the state of Oregon, that Coleman Calhoun and William Thorp stand charged in said state with the crime of buying and receiving stolen property committed in the county of Crook, in said state and have taken refuge in the state of Washington,

"And Whereas, The said governor of the state of Oregon has, pursuant to the constitution and laws of the United States, demanded of me that I cause the said Coleman Calhoun and William Thorp to be arrested and delivered to W. E. Van Allen, agent authorized to receive them into his custody and convey them back to said state of Oregon;

"And Whereas, Said representation and demand are accompanied by affidavits, complaint, information, indictment and warrant whereby the said Coleman Calhoun and William Thorp are charged with the said crime, and being a fugitive from the justice of said state, and having taken refuge in the state of Washington, which are certified by said governor of Oregon to be duly authenticated;

"Now Therefore, I, Ernest Lister, governor of the state of Washington, do hereby authorize and empower W. E. Van Allen, the agent named in said demand, to take the said Coleman Calhoun and William Thorp wherever they may be found in this state, and transfer them to the line thereof at the expense of the state of Oregon, and I hereby command all civil officers within the said state of Washington to afford all needful assistance for the execution of this warrant.

"In Testimony Whereof, I have hereunto set my hand and caused the seal of said state to be affixed at Olympia, this seventh day of May, A. D. 1913."

After the appellant was taken into custody, he petitioned the superior court for a writ of habeas corpus. The writ was issued, requiring the respondents to produce the body of the appellant in court at a time stated, and make return to the writ. The return set out a copy of the executive warrant by virtue of which the appellant had been arrested. To this return, a demurrer was interposed, which was overruled. The appellant elected to stand on the demurrer, and refused

to plead further. The court thereupon entered a judgment dismissing the petition and remanding the appellant to the custody of the respondents. From this judgment, the appeal is prosecuted.

The only question here presented is whether the return of the respondents is sufficient to justify the extradition of the appellant. The power and authority to extradite is found in § 2, of article 4, of the constitution of the United States, which provides:

"A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall, on demand of the executive authority of the state from which he fled, be delivered up to be removed to the state having jurisdiction of the crime."

The procedure necessary to exercise the power conferred by the constitution is found in § 5278 of the revised statutes of the United States, which provides:

"Whenever the executive authority of any state or territory demands any person as a fugitive from justice, of the executive authority of any state or territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any state or territory, charging the person demanded with having committed treason, felony or other crime, certified as authentic by the governor or chief magistrate of the state or territory from whence the person so charged has fled, it shall be the duty of the executive authority of the state or territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within six months from the time of the arrest, the prisoner may be discharged. All costs or expenses incurred in the apprehending, securing, and transmitting such fugitive to the state or territory making such demand, shall be paid by such state or territory."

By this constitutional provision and Congressional enactment, three things are necessary in order to authorize the

executive of one state to order the return of a fugitive from justice to the state in which the crime was committed: First, the accused must be demanded as a fugitive from justice by the executive of the state from which he fled; second, the demand must be accompanied by a copy of the indictment, or an affidavit made before a magistrate charging the fugitive with having committed a crime in the demanding state; and third, a copy of the indictment or affidavit must be certified to by the executive of the demanding state. In *In re Foye*, 21 Wash. 250, 57 Pac. 825, speaking of the above mentioned constitutional provision and the act of Congress, it was said:

"It will be observed that there are three things requisite in order to authorize the executive authority of a state to extradite a fugitive from justice, and they are these: First, the accused must be demanded as a fugitive from justice by the executive of the state from which he fled; second, such demand must be accompanied by a copy of an indictment found, or an affidavit made, before a magistrate charging the fugitive with having committed a crime in the demanding state; and third, such copy of the indictment or affidavit must be certified by the executive of the demanding state to be authentic. An extradition warrant, in order to be valid, should show upon its face a compliance with these requisites and necessary conditions."

In the present case, the executive warrant which was made a part of the return recited: First, that the appellant was charged in the state of Oregon with the crime of buying and receiving stolen property; second, that he was a fugitive from justice from the state in which the crime is alleged to have been committed; third, that a demand had been made by the governor of the state of Oregon that the appellant be arrested and delivered to one W. E. Van Allen, the agent authorized to receive him; fourth, that the representation and demand of the state of Oregon was accompanied by a copy of the complaint, information or indictment whereby the appellant was charged with the crime stated; and fifth, that the indictment, complaint, or information accompanying the de-

mand were certified by the governor of Oregon to be authentic. The appellant, by electing to stand on his demurrer to the return, thereby admitted all the allegations thereof.

It is argued that, since the warrant only recites that the appellant is charged with the crime of receiving stolen property, and not with "knowingly" receiving such property, the superior court erroneously dismissed the proceeding. This argument is based on the assumption that, a copy of the indictment or information not being made a part of the return, it was necessary that the executive warrant define the crime with which the appellant was charged. With this contention, we cannot agree. No such requirement can be found in either the section of the constitution or the act of Congress above quoted. The warrant recited that the appellant was charged with a crime. The demurrer admitted this fact. The warrant is sufficient when it recites the requirements of the law. In *People ex rel. Jourdan v. Donohue*, 84 N. Y. 438, speaking of the requirements of an executive warrant in an extradition proceeding, it was said:

"It is enough that the warrant recites what the law requires. We cannot add to it new conditions. The argument founded upon the characteristics of ordinary criminal warrants for the apprehension of persons accused, and of indictments for specific crimes, has no application to the executive warrant in cases of extradition. . . . Nothing in its inherent nature or the purpose which it subserves requires that it should do more than show, by an explicit statement, that the person arrested is charged with a crime committed in the demanding state."

The judgment will be affirmed.

CROW, C. J., ELLIS, CHADWICK, and GOSE, JJ., concur.