---

## IN RE MO.

(No. 5,005.)

(Submitted January 17, 1922. Decided January 20, 1922.)

[204 Pac. 175.]

*Extradition—Habeas Corpus—Fugitive from Justice—Evidence —Insufficiency.*

Extradition—*Habeas Corpus*—Complainant a Fugitive—Question of Fact.
   1. The issuance of a warrant by the governor pursuant to a requisition made upon him by the governor of another state, where regular upon its face, ·makes out a *prima facie* case against the alleged fugitive on his application for writ of *habeas corpus,* but the question whether he ·is in fact a fugitive within Article IV, section 2, United States Constitution, section 5278, United States Revised Statutes, relating to extradition, is one of fact which is open to examination by the courts of the asylum state.

Same—Fugitive from Justice—Evidence—Insufficiency.
   2. *Held,* on *habeas corpus,* that complainant, under arrest by virtue of an executive warrant issued in an extradition proceeding on a

   1. Who is fugitive from justice within purview of interstate extradition laws, see notes in 7 Ann. Cas. 1076; 13 Ann. Cas. 907; Ann. Cas. 1918D, 1011; 51 L. R. A. (n. s.) 668.

[62 Mont. 137.]

charge of the crime of child abandonment, was not a fugitive from justice within the meaning of the Constitution of the United States, the evidence disclosing that he had departed from the demanding state a month prior to the time the child was born, thus showing that he could not have committed the offense charged. (At Chambers.)

APPLICATION by Elmer James Mo for Writ of Habeas Corpus. Petitioner discharged from custody.

*Mr. H. H. Austin* and *Mr. Fred L. Gibson*, for Complainant.

*Mr. F. P. Kelly* and *Mr. Horace S. Davis*, for Respondent G. B. Long, Sheriff of Sweet Grass County, Montana.

AT CHAMBERS.

MR. CHIEF JUSTICE BRANTLY delivered the opinion.

On December 30, 1921, Elmer James Mo, the petitioner, was arrested by G. B. Long, the sheriff of Sweet Grass county, Montana, under the authority of an executive warrant issued by Governor Dixon under date of November 22, 1921. The warrant was issued by the governor pursuant to a requisition made upon him by the governor of the state of Minnesota for the surrender of Mo to the authorities of the state of Minnesota for trial in that state upon a charge of child abandonment. Upon application to me the petitioner was granted a writ of *habeas corpus* on the ground, as he alleged, that he is wrongfully and unlawfully detained by the sheriff, for the reason that the indictment which constitutes the charge of crime upon which the requisition is based does not charge a crime under the laws of the state of Minnesota at the time alleged, nor at any other time prior to petitioner's departure therefrom, and that, consequently, not being a fugitive from justice, he is entitled to his discharge.

No question is made as to the regularity of the papers or the proceedings upon which the warrant was issued, nor as to the warrant itself, as shown by the sheriff's return to the writ. The only question submitted to me for decision is

whether complainant is in fact a fugitive from justice, within the meaning of section 2 of Article IV of the Constitution, and of section 5278 of the Revised Statutes of the United States (U. S. Comp. Stats., sec. 10126; 3 Fed. Stats. Ann., 2d ed., p. 285.)

While I recognize the rule that the authorities of the asylum [1] state are under obligation to observe the requirements of the federal Constitution and the statute enacted in pursuance thereof, and also that the issuance of the warrant by the governor upon application of the governor of the demanding state, regular upon its face, makes out a *prima facie* case against the petitioner, yet the question whether the petitioner is a fugitive from justice is one of fact which is open to examination by the courts of the asylum state. The obligation imposed upon the authorities of the asylum state by the Constitution and laws of the United States does not release its authorities from their obligation to protect the rights of the citizen by preventing his removal to the demanding state, when it appears from the evidence submitted on the hearing that he was not, in fact, present in the state at the time the crime charged is alleged to have been committed. That this is so is made clear by the discussion of the subject by the supreme court of the United States in the case of *Illinois ex rel. McNichols* v. *Pease*, 207 U. S. 100, 52 L. Ed. 121, 28 Sup. Ct. Rep. 58, and the cases therein cited [see, also, Rose's U. S. Notes]. As was said by the court in *Appleyard* v. *Massachusetts*, 203 U. S. 222, 7 Ann. Cas. 1073, 51 L. Ed. 161, 27 Sup. Ct. Rep. 122: "While a state should take care, within the limits of the law, that the rights of its people are protected against illegal action, the judicial authorities of the United States should equally take care that the provisions of the Constitution be not so narrowly interpreted as to enable offenders against the laws　＊　＊　＊ to find a permanent asylum in the territory of another state." Keeping this limitation upon my power in the premises in view, I shall consider briefly the record before me and the facts submitted by the petitioner at the hearing.

It appears that the complainant was indicted by the grand [2] jury of Ottertail county, Minnesota, for the crime of child abandonment, alleged to have been committed on November 20, 1911. The uncontradicted evidence submitted at the hearing discloses, however, that on this date the child which the petitioner is alleged to have abandoned was not in being, that it was not born until November 17, 1912, and that the petitioner was not then in the state of Minnesota, and has not been since October 17, 1912, substantially one month prior to the birth. It thus appears that the petitioner stands charged with the crime which could not have been committed either at the time alleged in the indictment or prior to the time he left the state of Minnesota. The indictment was found under section 8666 of the General Statutes of Minnesota of 1913 as amended by Chapter 213, page 308, of the Session Laws enacted at a special session of the legislature which convened on January 2, 1917 (Gen. Stats. Supp. 1917, sec. 8666). It declares that "Every parent or other person having legal responsibility for the care or support of a child who is under the age of sixteen years and unable to support himself by lawful employment, who deserts and fails to care for and support such child with intent wholly to abandon him; and every husband who, without lawful excuse, deserts and fails to support his wife, while pregnant, with intent wholly to abandon her is guilty of a felony and upon conviction shall be punished therefor by imprisonment in the state prison for not more than five years. * * * "

In the case of *State* v. *Clark* (Minn.), 182 N. W. 452, construing this provision, the supreme court of Minnesota seems to intimate that it denounces the same act as a crime as that denounced by the provision in force in 1911. It held further that the offense of child abandonment is a continuing one, and hence that no statute of limitation runs in favor of the offender so long as the abandonment continues. Upon examination of the statute in force in 1911 and a comparison of it with the enactment of 1917, I conclude that the two are radically differ-

ent in substantial particulars; but, however that may be, both require the abandonment of a child in order to constitute the offense denounced. It is clearly apparent, therefore, that, if the petitioner's child was not in being at the time he left the state of Minnesota and came to Montana—in other words, that the child was not born until a month after this occurred—the petitioner cannot be fugitive from justice within the meaning of the Constitution and laws of the United States, *supra,* because no matter what other offense he may have committed in that connection, he did not and could not have committed the offense charged in the indictment. The facts are conclusive, therefore, that he was not at any time a fugitive from justice from the state of Minnesota.

For this reason I think the petitioner is entitled to his discharge, and so order.