THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALOIS F. MERKLEN, Appellant, v. RICHARD E. ENRIGHT, Police Commissioner of the City of New York, and Others, Respondents.

First Department, July 6, 1926.

Extradition — interstate rendition — fugitive from justice — relator is charged in New Jersey with the statutory crime of obtaining money on false statement of his financial condition — relator who made and mailed statement in New York not fugitive from justice — warrant by New York Governor charging relator with crime of false pretenses is invalid, since indictment does not charge that common-law crime — indictment accompanying requisition not certified by Governor or chief magistrate of New Jersey to be authentic as required by United States Revised Statutes, § 5278 — relator discharged.

The relator who was arrested on a warrant by the Governor of the State of New York in interstate rendition, charged with being a fugitive from justice from New Jersey, is entitled to be released from custody, since he is charged with

having violated chapter 266 of the Laws of 1906 of New Jersey in that he procured money on a false statement of his financial condition, and since it appears that said false statement was made within this State and mailed herein, and that the relator did not do any act in New Jersey in reference to the procurement of the money.

While the New Jersey courts, if they could get jurisdiction of the defendant, could try him on the charge, he will not be sent from this State, since he is not a fugitive from justice because he was not in the State of New Jersey, personally, when the crime was committed and was only in that State constructively, and, therefore, he never did flee from the justice of New Jersey.

Furthermore, the warrant and its accompanying papers are invalid since it appears that the warrant by the New York Governor charging the relator with the crime of false pretenses, a well-known common-law crime, now embodied in section 186 of chapter 235 of the New Jersey Laws of 1898, is not supported by the indictment which charges the relator with the statutory offense of obtaining money on a false statement as to financial condition.

Furthermore, the indictment accompanying the requisition was not certified by the Governor of New Jersey or its chief magistrate to be authentic as required by the United States Revised Statutes, § 5278, and, therefore, it cannot be the basis for the warrant and arrest in this State in interstate rendition.

APPEAL by the relator, Alois F. Merklen, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 20th day of August, 1925, dismissing a writ of habeas corpus and remanding the relator to the custody of the respondents.

*Harold Harper* of counsel [*Morgan J. O'Brien, 2nd,* with him on the brief; *Rothwell, Harper & Matthews,* attorneys], for the appellant.

*George B. DeLuca* of counsel [*John E. McGeehan, District Attorney*], for the respondents.

McAVOY, J.  The indictment upon which relator was sought for rendition, pursuant to the procedure prescribed by section 827 of the Code of Criminal Procedure, charged him with having obtained from the Trust Company of New Jersey the sum of $25,000 upon a false statement in writing of his financial condition and responsibility.  The allegations follow chapter 266 of the Laws of 1906 of New Jersey, which makes it a misdemeanor for a person to obtain money, goods or credit from another upon the faith of a false statement in writing of the financial condition or responsibility of the person so obtaining money, goods or credit, where such statement is in writing and signed by the person obtaining such money, goods or credit, and the statement is willfully false in any material particular.

The proof adduced by the appellant was directed wholly to showing that the acts alleged to have been committed by him were done, if at all, in the State of New York, and not in the State of New Jersey.  The office of the branch of the Trust Company

of New Jersey, the complainant, was located in Hoboken, Hudson county, N. J. The appellant resided at 1675 University avenue, New York city, where he had continuously resided since April 23, 1919, and at the time mentioned in the indictment was vice-president of the Concentrated Products Corporation, which had its offices at 395 Broadway, New York city, and a factory at Carlstadt, Bergen county, N. J. The appellant had charge of the factory at Carlstadt, at which soap was manufactured, and also had charge of the purchase of ingredients for the factory and the sale of its products. The appellant's duties thus required him to go back and forth between the New York office and the New Jersey factory, and he was unable to remember whether on October 30, 1923, the date charged in the indictment, he was at Carlstadt or not.

Christoffers, a witness called for the demanding State, who was employed by the neighboring plant of the Panhard Oil Corporation, testified that the appellant was at the factory on that date.

The argument for relator is that since he but mailed the statement in the State of New York and did not participate in New Jersey in its actual presentation to those defrauded, although in the State for other purposes, he cannot be extradited for the commission of part of the crime here. We think this is the result of the interpretation by the courts of the provisions of the Federal Constitution and the laws enacted thereunder, and that the writ must be sustained and extradition refused.

The rule is stated in the words of relator's argument that rendition should not be had to permit the demanding State to exercise a jurisdiction based upon the appellant's alleged constructive presence therein.

The appellant if extradited will be tried, not for any act of his committed in the State of New Jersey, but for his act in signing and transmitting within the State of New York the financial statement in evidence. The New Jersey court will have ample jurisdiction to try him for such an offense.

In *Strassheim* v. *Daily* (221 U. S. 280, 285) we find: " Acts done outside a jurisdiction, but intended to produce and producing detrimental effects within it, justify a State in punishing the cause of the harm as if he had been present at the effect, if the State should succeed in getting him within its power."

The Supreme Court of the United States said besides: " Of course we must admit that it does not follow that Daily [the alleged perpetrator of the offense] is a fugitive from justice." It is established in the law of rendition that while a person may be punished for acts committed without the State producing detrimental effects within it, the power to extradite, as distinguished

from the power to prosecute and punish, rests wholly upon subdivision 2 of section 2 of article 4 of the United States Constitution. It is held not to exist where the demanding State bases jurisdiction upon constructive rather than actual presence within its border at the time of the commission of the alleged offense. Many rulings uphold this view.

In *People ex rel. Corkran* v. *Hyatt* (172 N. Y. 176; affd., *sub nom. Hyatt* v. *Corkran*, 188 U. S. 691) Judge CULLEN, who wrote for the Court of Appeals (p. 183), said: " There seems to be substantial unanimity in all the authorities on one proposition, that to be a fugitive from justice a person must have been corporeally present in the demanding State at the time of the commission of the alleged crime."

The Supreme Court of the United States affirmed this principle, saying (p. 711): " We are of opinion that the warrant of the Governor is but *prima facie* sufficient to hold the accused, and that it is open to him to show by admissions, such as are herein produced, or by other conclusive evidence, that the charge upon which extradition is demanded assumes the absence of the accused person from the State at the time the crime was, if ever, committed." This would give ground for the proof here attacking the warrant because of the absence from the demanding State of the relator at the time of the commission of the alleged offense.

Mr. Moore, in his work on Extradition, states (at § 584, p. 939): " The question of constructive presence at the commission of a crime has frequently arisen in the case of obtaining money or goods by false pretenses, and it has been held that such presence in the demanding State is not sufficient as a basis for a requisition for the surrender of a person as a fugitive from justice, although, if the person charged were to come within the jurisdiction of that State, he might be arrested and punished for the false pretenses there committed while he was corporeally elsewhere." In New Jersey itself the rule is similar.

In *Matter of Voorhees* (32 N. J. L. 141) a fugitive is described as one " who commits a crime within a State and withdraws himself from such jurisdiction."

In the *Hyatt* case the Court of Appeals also quoted *Wilcox* v. *Nolze* (34 Ohio St. 520) as follows (at p. 184): " These words taken, as they must be, in their natural and obvious sense, do not include a case of constructive presence in the demanding State and constructive flight therefrom, but relate only to a case where the accused is actually present in the demanding State at the time he commits the act of which complaint is made."

The appellant was not present at Hoboken at the time when

Martin and Bandman called on Berger and Berger requested of them the three financial statements, including the appellant's. Bandman went back and made up his own statement in the New York office.

One Berger, a vice-president of the complainant, the head of its Hoboken branch, who had personal charge of the business relations of the Trust Company of New Jersey with the Concentrated Products Corporation, testified: " Q. I show you relator's exhibit A and ask if that is the financial statement which the Trust Company of New Jersey received from Mr. Merklen? A. It is a financial statement that we received in connection with this loan that we made. Q. And that is the loan that was the subject of this indictment, is it not? A. It is. Q. That is the financial statement that the Trust Company of New Jersey is complaining about, is it not? A. It is. * * * Q. And isn't it a fact that all of the conversations or relations that you had with regard to this note and this financial statement and this credit that the bank gave, were all had with people other than Mr. Merklen? * * * A. I believe that Mr. Martin and Mr. Bandman were the ones that made that arrangement. Q. Isn't it a fact that you did not have any conversations with Mr. Merklen about that at all? A. I believe that is so, to the best of my recollection. Q. And isn't it also your recollection that you did not get that statement from Mr. Merklen? A. I do not think I got it from Mr. Merklen. I cannot say positively. The Court: Are you still an officer of the company now? The Witness: Yes, sir."

Thus the testimony of the witnesses shows that the hypothesis upon which the State of New Jersey must rely to obtain a conviction is one based upon constructive and not actual presence of the appellant within that State. In other words, the prosecution must rely wholly upon acts performed by the appellant outside the State of New Jersey and within the State of New York. We think this is fatal to the warrant of rendition.

But there are other invalidities in the warrant and its accompanying papers. The warrant is invalid because an indictment or an affidavit charging the relator with the crime of the offense recited in the warrant was not before the Governor when the warrant was issued. *People ex rel. Kopel* v. *Bingham* (189 N. Y. 124, 127) states the rule: " Whatever authority belongs to the Governor of the State of New York to issue a warrant for the apprehension of a fugitive from justice must be found in the provisions of the Constitution of the United States relative to such fugitives and in the statutes enacted in pursuance of those provisions."

The provisions of the Federal Constitution are found in subdivision 2 of section 2 of article 4, and the statutory provisions are found in section 5278 of the United States Revised Statutes.

As a condition precedent to the issuance of a warrant by the Governor of the asylum State there must be produced before him a copy of an indictment found or an affidavit made charging the person demanded with having committed a specific crime in the demanding State.

In the present instance the warrant recites that the crime charged was that of "false pretenses." This is a crime well known at common law and now embodied in section 186 of chapter 235 of the Public Laws of New Jersey of 1898. (See N. J. Laws of 1898, p. 845, chap. 235, § 186; 2 Comp. Stat. N. J. 1800, § 186.) The indictment which was produced before the Governor, as appears from the certificate exemplifying it and also from the indictment itself, is not for the offense of false pretenses but for a special statutory offense created for the first time by chapter 266 of the New Jersey Public Laws of 1906. (See N. J. Laws of 1906, p. 549, chap. 266; 2 Comp. Stat. N. J. 1800, § 186-a.) This statute has been heretofore outlined. The indictment here recites the language of this section and clearly intends to charge the offense there described not known at common law and created latterly to penalize a growing evil in the business of credits.

In *Ex parte Hart* (63 Fed. [C. C. A.] 249) the court discharging the petitioner said: " The claim that the act of the Governor of a State in issuing his warrant of removal is conclusive, and that the presumption is he had the necessary papers, duly authenticated, before him, when he acted, cannot be assented to. The act of the Governor can be reviewed, and, if he has not followed the directions and observed the conditions of the Constitution and Laws of the United States, pertinent to such matters, can be set aside as void."

Finally an examination of the documents shows that the indictment accompanying the requisition is not certified to be authentic by the Governor of New Jersey and is, therefore, insufficient.

Section 5278 of the Revised Statutes of the United States requires that the copy of an indictment or an affidavit produced before the Governor of the State or Territory to which the person has fled must be " certified as authentic by the Governor or Chief Magistrate of the State or Territory from whence the person so charged has fled."

In *Soloman's Case* (1 Abb. Pr. [N. S.] 347) the affidavit charging the defendants with the crime of false pretenses in Louisiana was sworn to before a justice of the peace and there was a certificate of the Secretary of State of Louisiana that the official was a justice

of the peace and that his attestation was in due form of law. The court discharged the defendants upon the ground " that said affidavits were not authenticated in accordance with the said Act of Congress, by the Executive of the State of Louisiana." The court said with reference to the act of Congress of February 12, 1793* (p. 348): " This Act is summary in its effect, and must be strictly complied with, otherwise, a warrant issued under it would be absolutely void."

In the present case People's Exhibit 4 consists of a warrant issued by the clerk of the Court of Quarter Sessions in the county of Hudson, State of New Jersey, together with the indictment and a certificate of the clerk of the Court of Quarter Sessions that the copy is a true copy. In addition there is a certificate of the presiding judge of the Court of Quarter Sessions that the clerk is the clerk of the said court and that full faith and credit are due to his official acts; and further certifying that the seal affixed to the said clerk's certificate is the seal of the court. There is a further certificate of the clerk of said court that the Honorable Charles M. Egan, whose name is subscribed to the certificate just described, is the presiding judge of said court and that the signature of said judge on said certificate is genuine.

It, therefore, appears from the record that the certified copy of the indictment which was before the Governor of the State of New York is authenticated only by the clerk of the court and the presiding judge thereof and not by the Governor of the State of New Jersey, as is required by section 5278 of the United States Revised Statutes.

The United States Supreme Court in the case of *Roberts* v. *Reilly* (116 U. S. 80), after referring to section 5278 of the United States Revised Statutes, said (p. 95): " It must appear, therefore, to the Governor of the State to whom such a demand is presented, before he can lawfully comply with it, first, that the person demanded is substantially charged with a crime against the laws of the State from whose justice he is alleged to have fled, by an indictment or an affidavit, certified as authentic by the Governor of the State making the demand; and, second, that the person demanded is a fugitive from the justice of the State the executive authority of which makes the demand.

" The first of these prerequisites is a question of law, and is always open upon the face of the papers to judicial inquiry, on an application for a discharge under a writ of habeas corpus."

Under the rules these authorities have established, and under

---

* See 1 U. S. Stat. at Largo, 202, chap. 7, § 1; now U. S. R. S. § 5278.— [Rep.

the wording of the statute itself, the indictment, not having been authenticated by the Governor of the demanding State, is insufficient, and did not confer upon the Governor of the State of New York the power to issue his warrant of arrest.

The order dismissing the writ of habeas corpus should be reversed, the writ sustained and the relator discharged.

CLARKE, P. J., DOWLING, MERRELL and WAGNER, JJ., concur.

Order reversed, the writ sustained, and the relator discharged. Settle order on notice.