## Ex Parte HEATH.

(No. 6,693.)

(Submitted April 26, 1930.  Decided May 3, 1930.)

[287 Pac. 636.]

*Messrs. Loble & Adair*, for Complainant, submitted a brief; *Mr. Hugh R. Adair* argued the cause orally.

*Mr. Edward Horsky*, for Respondent, Dwight Smock, Sheriff of Allen County, Kansas, submitted an original and a supplemental brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Complaint was filed before the justice of the peace of Allen county, Kansas, charging petitioner with the crime of deserting

and neglecting to provide for his wife and minor children. The complaint charges that the crime was committed "on or about the 3d day of November, 1927, and continuously since said time." Petitioner was taken into custody by defendant Smock, as agent of the state of Kansas, by virtue of an executive warrant by the governor of this state, issued pursuant to a requisition from the governor of the state of Kansas. Petitioner made application to this court for a writ of habeas corpus. In his petition he alleges that he is wrongfully and unlawfully restrained of his liberty, for the reason that he was not within the state of Kansas at the time the crime is alleged to have been committed, and is, therefore, not a fugitive from justice from that state.

From the records submitted to us, the following facts were established: From September, 1924, to and including the third day of November, 1927, petitioner resided with his family in the state of Missouri. Petitioner was then employed as a salesman for the Cudahy Packing Company. In November, 1927, he was transferred by his employer to the state of Arkansas; he left Missouri on November 3, 1927, and drove by automobile to the state of Arkansas to take up his employment in that state, leaving his wife and children in Joplin, Missouri. While in Arkansas, correspondence passed between him and his wife and money was sent by him to her in Missouri; he requested her to come to Arkansas, but this she refused to do. In the latter part of November, 1927, petitioner's wife left the state of Missouri and with the children went to Kansas and established their residence at the home of her mother. Petitioner continued his employment in Arkansas until August, 1928, and then came to Montana, where he has since resided. An affidavit of petitioner's wife was submitted in which she states that her husband has been in Kansas on three different occasions since November 3, 1927; that he attended a convention of the Cudahy salesmen held in Kansas City, Missouri, from December 27, to December 30, 1927, and during that time visited his mother who resides in Kansas City, Kansas, and was also during that time

at the plant of the Cudahy Packing Company, Kansas City, Kansas; that he was also in Kansas City, Kansas, visiting his mother on July 31, 1928, remaining for three days; and that he was also there during the month of August, 1929. C. C. Wine made affidavit that he saw and conversed with W. E. Heath in December, 1927, in Kansas City, Kansas.

Petitioner made affidavit denying that he was in the state of Kansas at the time mentioned in the affidavit of C. C. Wine. He admits, however, that he was in Kansas City, Missouri, attending a convention on December 27, 1927, and states that he left that evening for Newport, Arkansas, and at that time he saw C. C. Wine. He denies that he was at the home of his mother on July 31, 1928, but did not deny that he visited her in December, 1927, and did not deny that he was at the plant of the Cudahy Packing Company in December, 1927.

The only question presented for determination is whether, under the foregoing facts, petitioner is a fugitive from justice from the state of Kansas.

Section 2, Article IV, of the Constitution of the United States provides that: "A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall, on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime." This is also the command of our statute, section 12418, Revised Codes 1921. By section 662, U. S. C. A., Title 18, Congress has provided the procedure to be followed in apprehending a fugitive from justice.

A person cannot be said to have fled from a state in which he is charged with the commission of a crime when he was not within that state at the time the crime is alleged to have been committed. (*Hyatt* v. *People of State of New York*, 188 U. S. 691, 47 L. Ed. 657, 23 Sup. Ct. Rep. 456.) The courts of this country are in accord in holding that where a person is accused of the crime of child or wife desertion, he is not a

fugitive from justice within the meaning of the United States Constitution and the federal statutes relating thereto and subject to interstate extradition, if it appears that he was not in the demanding state at the time when the crime is alleged to have been committed. (*In re Mo,* 62 Mont. 137, 204 Pac. 175; *Ex parte Hogue,* 112 Tex. Cr. Rep. 495, 17 S. W. (2d) 1047; *Schein* v. *Gallivan,* (Mo. Supp.) 10 S. W. (2d) 521; *Ex parte Hawkins,* 37 Okl. Crim. App. 17, 255 Pac. 718; *People ex rel. Gottschalk* v. *Brown,* 207 App. Div. 695, 201 N. Y. Supp. 862; *Taft* v. *Lord,* 92 Conn. 539, L. R. A. 1918E, 545, 103 Atl. 644; *Ex parte Kuhns,* 36 Nev. 487, 50 L. R. A. (n. s.) 507, 137 Pac. 83; *Ex parte Roberson,* 38 Nev. 326, L. R. A. 1915E, 691, 149 Pac. 182, 184.) The supreme court of Kansas recognizes that the authorities sustain the rule as we have stated it. (*State* v. *Wellman,* 102 Kan. 503, Ann. Cas. 1918D, 1006, L. R. A. 1918D, 949, 170 Pac. 1052.)

It becomes necessary, therefore, to determine the effect of the ▇▇▇ evidence presented tending to show that petitioner was in the state of Kansas after the third day of November, 1927. The evidence bearing upon this point is unsatisfactory. However, the burden of overturning the finding of the governor that petitioner is a fugitive from justice rested upon him. (*Hogan* v. *O'Neill,* 225 U. S. 52, 65 L. Ed. 497, 41 Sup. Ct. Rep. 222.) Had petitioner not been in Kansas City, Kansas, visiting his mother, in December, 1927, or at the Cudahy Packing Plant in the same place, he could easily have so stated. Not having done so, we conclude that he was there at or about the time stated in the affidavits. It then remains to determine whether, having thus been in Kansas since November 3, 1927, and again left, he is a fugitive from justice from that state. This precise question was before the court in *People ex rel. Gottschalk* v. *Brown,* 237 N. Y. 483, 32 A. L. R. 1164, 143 N. E. 653, 654, where the crime charged was that of nonsupport of children from January 1 to June 14, 1923. The accused was a resident of the state of New York. His divorced wife and children resided in Ohio during the period covered by the indictment. During that time the accused motored into Ohio on two different

occasions and endeavored to obtain the custody of the children. He remained in Ohio only a few hours. The court, in holding that he was a fugitive from justice and subject to extradition, said: "It may be conceded that this relator entered the state of Ohio for an innocent purpose and that he committed there no overt act in furtherance of the crime with which he is charged, but that charge by its very nature is founded, not upon the commission of overt acts, but upon the neglect of a duty. Guilty intent may be presumed from the neglect of duty, and the crime continues as long as the neglect does not cease. There is no evidence conclusive or otherwise that at the very time the relator was in Ohio he was not guilty of failure to provide for his children; in fact he admits that because of disagreement with his wife as to the custody of his children he had discontinued the payment of an allowance for their support. Absence of overt acts is irrelevant when the charge is founded only upon neglect of duty, and the innocence of the purpose with which the relator entered the state cannot affect his guilt while there, if the neglect which forms the basis of the charge continued during that time. * * * Presence in the state of Ohio was not a necessary element of the commission of the crime of nonsupport of children living there, though without such presence extradition may not be demanded. The accused was in Ohio for an appreciable time during the period when it is charged the crime was committed. During the hours he was there he did not support his children, and if he was ever guilty of the crime charged he was guilty at that time."

The case of *Ex parte Roberson,* supra, is relied upon by petitioner as sustaining his contention that he is not a fugitive from justice. But that case differs from this in that the crime there charged was not a continuing offense, as here. The court in that case made special reference to that fact by saying: "The offense with which petitioner stands accused by the indictment found in Martin county, North Carolina, is not a continuing offense, nor one which might be termed transitory or ambulatory in its nature."

The cases of *People* v. *Hyatt*, 172 N. Y. 176, 92 Am. St. Rep. 706, 60 L. R. A. 774, 64 N. E. 825; *People ex rel. Marklen* v. *Enright*, 217 App. Div. 514, 217 N. Y. Supp. 288, and *Farrell* v. *Hawley*, 78 Conn. 150, 112 Am. St. Rep. 98, 3 Ann. Cas. 874, 70 L. R. A. 686, 61 Atl. 502, are cited and relied upon by petitioner as sustaining his contention. But these cases are not in point here, for there, too, the crimes charged were not continuing offenses,

In *State ex rel. Blake* v. *Doeppe*, 97 W. Va. 203, 124 S. E. 667, the crime charged was a continuing one. There was no evidence, however, tending to show that the accused was ever in the demanding state during the period covered by the complaint.

The case of *People ex rel. Gottschalk* v. *Brown*, 207 App. Div. 695, 201 N. Y. Supp. 862, cited by petitioner, supports his contention, but the decision was reversed in 237 N. Y. 483, 32 A. L. R. 1164, 143 N. E. 653, supra.

We believe the decision in *People* v. *Brown*, 237 N. Y. 483, 32 A. L. R. 1164, 143 N. E. 653, is supported by sound reasoning, and on the authority of that case hold that petitioner is a fugitive from justice from the state of Kansas.

The fact that the petitioner has not been in Allen county, ▇▇ Kansas, since November 3, 1927, is immaterial. If it is essential that the crime must have been committed in that county, as charged, in order to warrant his surrender to the state of Kansas, the answer is that, under the weight of authority, the crime in question here is committed where the wife and children reside (*State* v. *Winterbauer*, (Mo. App.) 296 S. W. 219; 8 R. C. L. 310, sec. 336), and this is especially true, in so far as the neglect to support the children is concerned.

The proceeding is dismissed.

ASSOCIATE JUSTICES MATTHEWS, GALEN and FORD concur.

MR. CHIEF JUSTICE CALLAWAY, being absent, did not hear the case and takes no part in the foregoing decision.