Henry A. Hudson, J.
The relator has been apprehended upon a warrant of the Governor of this State charging him with being a fugitive from justice and further charging the accused with having committed a crime in the State of Connecticut and having fled therefrom and taken refuge in the State of New York.
The material portions of such warrant read as follows: “It having been represented to me by the Governor of the State of Connecticut that Fred H. Hadley is á fugitive from justice and stands charged in that State with having committed therein, the crime of failure to make weekly payment of wages which the said Governor certifies to be a crime under the Laws of said State, and that the said accused has fled therefrom and taken refuge in the State of New York; and the said Governor of the demanding State having, pursuant to the Constitution and Laws of the United States, demanded of me that I cause the said accused to be arrested and delivered to Cleveland Fuessenich an officer who is duly authorized to receive him’ into his custody and convey him back to the said demanding State which said demand is accompanied by Affidavits Made Before a Magistrate Together With A Copy Of A Warrant, duly certified by the said Governor of the said demanding State to be authentic and duly authenticated, and charging the said accused with having committed the said crime in the said State and having fled therefrom, and having taken refuge in the State of New York; ”.
The relator is a contractor residing at Black River, Jefferson County, New York but was engaged in carrying on a contract in the State of Connecticut during the months of January and February, 1954. It is undisputed in the affidavits which were submitted upon this application and also in the affidavits submitted with the papers upon which the warrant of the Governor of the State of New York was issued that the relator left the State of Connecticut either late in the evening of February 9 or early in the morning of February 10, 1954. It does not appear that he ever again returned to the State of Connecticut. At the time of his leaving the State of Connecticut he had in his employ upwards of 80 men. The last regular pay day of such employees was February 13. Such employees were transferred from the relator’s payroll to that of the general contractor on the project at 2 o ’clock in the afternoon of February 10.
The relator is charged in Connecticut with a violation of section 2261-c of the General Statutes of that State, which, insofar as it applies on this proceeding, reads as follows: “ (a) Each employer, by himself, his agent or representative, shall pay weekly each employee engaged in his or its business the wages earned by such employee to within eight days of the date of such *531 payment; bnt an employee voluntarily leaving such employment shall be paid in full on the following regular pay day and an employee discharged from such employment shall be paid in full not later than the business day next succeeding the date of such discharge. Any person, member of a firm or paymaster of any corporation who violates any provision of this section shall be fined not more than two hundred dollars or imprisoned not more than thirty days or both for each offense.”
Upon the hearing of the writ of habeas corpus obtained by the relator no further proof was submitted by any of the parties although the court offered to receive the same and although the State’s Attorney for the County of Litchfield, State of Connecticut, in which the prosecution of the defendant is sought, was present. For the purpose of this application, therefore, the facts which the court can consider are limited to those in the papers submitted upon the application.
The grounds upon which it is claimed that the relator should be extradited are those covered by section 830 of the Code of Criminal Procedure. No claim was made by the People that the provisions of section 834 apply. The warrant issued by the Governor of this State was issued solely upon the grounds specified under section 830 and nothing contained therein could be construed to bring it under the provisions of section 834 of the Code of Criminal Procedure. The necessary requisites to extradite upon the grounds set forth in section 830 of the Code of Criminal Procedure are set forth and discussed in People ex rel. Higley v. Millspaw (281 N. Y. 441, 445). This case followed People ex rel. Corkran v. Hyatt (172 N. Y. 176).
Although chapter 1 of title IV of part VI of the Code of Criminal Procedure entitled, “ Uniform Criminal Extradition Act ” was added by chapter 892 of the Laws of 1936, effective September 1,1936, long after the determination of the Court of Appeals in People ex rel. Corkran v. Hyatt (supra), that decision, in my opinion, is applicable to a warrant issued pursuant to section 830 of the code and this is likewise true of other leading decisions of the courts rendered prior to 1936. In People ex rel. Merklen v. Enright (217 App. Div. 514), a very complete discussion of the law will be found. This case involved a resident of New York who was employed in the State of New Jersey and who mailed an alleged false financial statement from New York to a bank in New Jersey. He was actually in his place of employment in the State of New Jersey on the date that the crime was alleged to have been committed although his presence therein had nothing to do with the commission of the crime. The court held that he could not be extradited on the request of the State of New Jersey *532 because it was not established that he was present in the State when the crime was committed and that he, therefore, could not be a fugitive from justice therefrom.
The petitioners rely upon People ex rel. Gottschalk, v. Brown (237 N. Y. 483). This case, however, involved a resident of New York who was charged in the State of Ohio with nonsupport. The relator in that case was a resident of New York, who left his wife in Ohio, moved to New York, took up his residence there and obtained a divorce. Some months later he was indicted in Ohio for nonsupport. Thereafter, at a later time, he returned to Ohio on two occasions remaining in the State but a few hours each time. The Court of Appeals held that by being in Ohio for even a few hours, placed him within the jurisdiction of the State of Ohio and inasmuch as nonsupport was a continuing crime, his presence in the State was sufficient to make him a fugitive from justice when he left and that his extradition should be sustained. In People ex rel. Buck v. Britt (187 Misc. 217), the court discussed the effect of the 1936 amendment upon the prior decisions insofar as they applied to the provisions of section 834 of the code and stated that insofar as that section was concerned, the older authorities did not apply. People ex rel. Buck v. Britt (supra), involved a nonsupport prosecution in Minnesota for which extradition was sought pursuant to section 834. The court held that the facts in that case did not warrant extradition under the provisions of section 834. (See, also, People ex rel. Mitchell v. Mederer, 263 App. Div. 743.) This case held that the relator not being in the demanding State on the date the crime was alleged to have been committed, was not a fugitive from justice and that the warrant of the Governor of the State of New York was void.
The wording of the warrant of extradition signed by the Governor of the State of New York specifically provides that it is issued to apprehend the relator because he is charged by the State of Connecticut with the commission of a crime therein and to have fled therefrom and to be a fugitive from justice therein. It must, therefore, be held to have been issued pursuant to section 830 of the Code of Criminal Procedure. Inasmuch as it appears from the uncontradicted proof that the relator was not in the State of Connecticut at the time that the crime with which he is accused was committed, I am of the opinion that he cannot be a fugitive from justice and that the writ should be allowed and the relator discharged.
Order accordingly.