Earl BROWN and Dale Sowder, Appellants,

v.

STATE of Alaska, Appellee.

No. 1990.

Supreme Court of Alaska.

Feb. 4, 1974.

---

Edgar Paul Boyko, Anchorage, for appellants.

John E. Havelock, Atty. Gen., Juneau, Joseph D. Balfe, Dist. Atty., J. Randall

Luffberry, Asst. Dist. Atty., Anchorage, for appellee.

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and FITZGERALD, JJ.

## OPINION

FITZGERALD, Justice.

Appellants Dale Sowder and Earl Brown were in 1972 operating a credit pro-rating company [1] in Nevada. After leaving Nevada, they entered into a similar business in Alaska. On November 9, 1972, a Clark County, Nevada, grand jury returned an indictment charging appellants with three counts of embezzlement in connection with their Nevada operations.

They were arraigned in district court, Anchorage, Alaska, November 14, 1972, on fugitive warrants and released on bail. Appellants filed habeas corpus proceedings in superior court to challenge their interstate rendition to Nevada. After several hearings, the superior court ordered appellants returned to Nevada and they have appealed.

Appellants claim that the demand for rendition was defective in failing to substantially charge them with having committed a crime under the laws of Nevada. The indictment charges three counts of embezzlement proscribed by Sec. 205.300, Nevada Revised Statutes. The substance of each count charges that between February 1, 1972, and July 31, 1972, the appellants feloniously embezzled $100 or more from several persons. The indictment alleges that the appellants were entrusted with money for the purpose of paying the creditors of named persons; however, appellants appropriated the money for other uses with the intent to steal and defraud. The essential elements of the crime set out in the statute [2] appeared in each count of

---

1. This company encouraged debtors to sign contracts permitting its agents to conduct negotiations with various creditors to lower the periodic obligations owed by the debtors. The debtor would pay a lump sum to the pro-rating company which in turn distributed this money to creditors.

2. N.R.S. 205.300 provides:
   1. Any bailee of any money, goods or property, who shall convert the same to his

the indictment. Appellants have failed to point out any specific defect in the indictment.[3] Instead they challenge the affidavits offered with the indictment as failing to establish the essential elements of the crime charged. When the requisition papers include an indictment sufficient on its face, an examination of the accompanying affidavits is not necessary to determine whether the essential elements of a crime have been pleaded.[4]

According to appellants, under the laws of Alaska, a showing of probable cause must be made before appellants can be returned to the demanding state. A fair argument can be made that fourth amendment rights should apply in interstate rendition proceedings in the asylum state when the suspect has not been indicted. Note, Interstate Rendition and the Fourth Amendment, 24 Rutgers L.Rev. 551 (1970). However, in this case the requisi-tion papers included an indictment. The necessary probable cause determination was made in Nevada when the matter was considered by the grand jury. For this reason, a second probable cause hearing in Alaska is not necessary in interstate rendition proceedings when the demand for extradition is grounded upon an indictment. Accompany affidavits are not necessary to supplement the indictment.

Appellants also allege that the governor failed to investigate the demand for extradition pursuant to AS 12.70.030.[5] It is suggested that in the instant case it is obvious that the governor conducted no investigation, considering the short period of time the governor had the documents. However it should be noted that the governor's investigation is confined to determining the adequacy of the documents forwarded to him, not to investigating the commission of the crime.[6]

own use, with the intent to steal the same or to defraud the owner or owners thereof and any agent, manager or clerk of any person, corporation, association or partnership; or any person with whom any money, property or effects shall have been deposited or entrusted, who shall use or appropriate such money, property or effects or any part thereof in any manner or for any other purpose than that for which the same was deposited or entrusted, shall be guilty of embezzlement, and shall be punished in the manner prescribed by law for the stealing or larceny of property of the kind and name of the money, goods, property or effects so taken, converted, stolen, used or appropriated.

2. Any use of the money, goods or property by any bailee thereof, other than that for which the same was borrowed, hired, deposited, carried, received or collected, shall be prima facie evidence of conversion and of intent to steal the same and defraud the owner or owners thereof.

3. The term "bailee," as used in this section, shall be construed to include and mean all persons with whom any money, goods or property has been deposited, and all persons to whom any goods or property has been loaned or hired, and all persons to whom any goods or property shall be delivered, for any purpose whatsoever, and all persons who shall, either as agent, collector or servant, be empowered, authorized or entrusted to carry, collect or receive any money, goods or property of another.

3. An indictment can be challenged in habeas corpus proceedings on the grounds that it fails to list one of the fundamental elements of the alleged crime. 31 Am.Jur.2d Extradition § 36, at 949–50 (1967).

4. AS 12.70.020(a)(2) requires either "a copy of an indictment found *or* an information supported by affidavit in the state having jurisdiction of the crime *or* by a copy of a complaint, affidavit, *or* other equivalent accusation made before a magistrate . . . ." (emphasis added) This statute is analogous in this respect to its federal counterpart, 18 U.S.C.A. § 3182, which has been interpreted as not requiring the presentation of both an affidavit and an indictment to commence interstate rendition proceedings. Bruzaud v. Matthews, 93 U.S.App.D.C. 47, 207 F.2d 25, 27 (1953) ("Since in this case an indictment had been returned and a copy of it was attached, no purpose was served by attaching also a copy of the earlier affidavit made by the complaining witness, and it should be regarded as mere surplusage, as far as the requisition is concerned."). *See also* Fenton v. State, 91 Idaho 149, 417 P.2d 415, 417 (1966).

5. AS 12.70.030 provides:
   "When a demand is made upon the governor of this state by the executive authority of another state for a surrender of a person charged with crime, the governor shall investigate the demand."

6. Furthermore, state courts will not interfere with the exercise of the governor's discretion-

■ Appellants finally contend that before a person can be considered a fugitive from justice, the person must be fleeing from a jurisdiction where criminal proceedings are pending against him.[7] Yet appellants' argument is not supported by case authority.

Within the meaning of constitutional and statutory provisions governing interstate extradition, a 'fugitive from justice' may be defined as a person who, having committed or been charged with a crime in one state, has left its jurisdiction and is found within the territory of another when it is sought to subject him

to the criminal process of the former state. (footnote omitted) [8]

For purposes of Alaska's Uniform Criminal Extradition Act,[9] appellants are deemed to be fugitives from justice.

The order of the superior court is affirmed.

BOOCHEVER, Justice (concurring).

For the reason that I find that the transcript of the grand jury proceedings, the affidavits submitted, and the reasonable inferences derived therefrom indicate probable cause that appellants committed a crime under Nevada law, I concur in the result.

---

ary function under AS 12.70.030. *Cf.* Marrone v. State, 458 P.2d 736, 739–740 (Alaska 1969), cert. denied, 397 U.S. 967, 90 S.Ct. 1005, 25 L.Ed.2d 260 (1970).

7. AS 12.70.010 provides:
   "Subject to the provisions of this chapter, the provisions of the constitution of the United States controlling, and any and all acts of Congress enacted in pursuance thereof, it is the duty of the governor of this state to have arrested and delivered up to the executive authority of another state a person charged in that state with treason, felony, or other crime, *who has fled from justice* and is found in this state." (emphasis added)

8. 35 C.J.S. *Extradition* § 10, at p. 391 (1960). *See also* Application of Fedder, 143 Cal.App. 2d 103, 299 P.2d 881, 887 (Dist.Ct.App.Cal. 1956) ("It is enough, if after committing a crime in one jurisdiction, the perpetrator departs and is later found in another.").

9. AS 12.70.010 et seq.