**Carl Edgar MONTAGUE, Appellant,**

v.

**Benjamin G. SMEDLEY, Corrections Superintendent, State Correctional Center, Anchorage, Appellee.**

**No. 2639.**

Supreme Court of Alaska.

Dec. 13, 1976.

---

Brian C. Shortell, Public Defender, Barbara J. Miracle, Asst. Public Defender, Lucy Arimond, Legal Intern, Anchorage, for appellant.

Avrum M. Gross, Atty. Gen., Juneau, Joseph D. Balfe, Dist. Atty., Ivan Lawner, Asst. Dist. Atty., Anchorage, for appellee.

Before BOOCHEVER, Chief Justice and RABINOWITZ, CONNOR, ERWIN and BURKE, Justices.

## OPINION

ERWIN, Justice.

This appeal arises from a superior court order dismissing a petition for writ of habeas corpus and presents an issue of first impression in Alaska: whether a judicial determination of probable cause is a prerequisite to interstate extradition from Alaska. We hold that a judicial determination of probable cause is a necessary prerequisite to extradition and further conclude that probable cause was not established in this case either in the demanding state or in the papers which were submitted under the requirements of federal law to Alaska. We therefore hold that the writ of habeas corpus should have been granted.

On January 7, 1975, appellant Montague was arraigned in Alaska on a complaint as a fugitive from justice. Mr. Montague had been charged in Michigan with "delivery of a controlled substance to another person," in violation of Michigan Statutes Annotated § 18.1070(41)(1)(b). The complaint was based on the information and belief allegations of one Gene DuBuc, who was not identified further. The complaint also stated that there were witnesses, Larry Walker and Larry Stockemer, but it did not summarize the nature of their statements or identify these individuals further. On February 12, 1975, the Governor of Michigan requested Mr. Montague's extradition from Alaska and forwarded the Michigan complaint. Thereafter, on the 19th of March, 1975, Governor Hammond issued a Governor's Warrant for Montague's arrest and extradition from Alaska.

On April 11, 1975, Montague filed a petition for writ of habeas corpus, claiming that the Governor's Warrant was invalid because the Michigan complaint failed to

show any probable cause to believe that Montague had committed the crime alleged.

On June 9, 1975, during the habeas corpus proceeding, the trial judge found the extradition documents insufficient since they failed to establish probable cause that the alleged offense had been committed by Montague. The trial judge stated that unless the prosecutor had something additional to present, the judge would grant the petition; but he further stated that he would grant a stay for the prosecutor to submit documents to cure the probable cause defect. The judge then ordered that if the Michigan authorities did not refile the complaint within 20 days, he intended to "dismiss" the complaint and refuse to permit the Michigan authorities to bring the action again.

The State of Michigan did not file new extradition papers; instead, it filed additional photographs and affidavits directly with the Alaska court in an attempt to buttress the orginal requisition. These materials were dated in Michigan on June 18 and June 19, 1975, were signed only by the affiants and various notary publics, and were sent neither to the Governor of Michigan nor the Governor of Alaska.

On July 23, 1975, the trial judge held that the additional materials filed with the court did not rectify the probable cause deficiencies in the orginal requisition because it was necessary for the State of Michigan to send a new requisition rather than these additional materials, which were not properly verified. The trial judge, after restating that the order of June 9, 1975, had indeed contemplated a complete refiling, granted a continuance until that afternoon.

On the afternoon of July 23, 1975, the trial judge stated that he had been made aware of a unique Michigan procedure which enables the State to proceed on a felony offense by a complaint, rather than upon indictment by a grand jury.[1] Based on this procedure, the superior court judge reversed his earlier decision and held that under Michigan law, it was unnecessary for Alaska to require an indictment, but the latter could instead continue with the extradition proceedings on the basis of a complaint; thereafter he discharged Montague's petition for the filing of a writ of habeas corpus. The court granted a stay of extradition pending the filing of this appeal, which is brought pursuant to AS 12.75.230.[2]

Interstate extradition is expressly provided for in the United States Constitution. Article IV, § 2, provides in part:

A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall on demand of the executive authority of the state from which he fled, he delivered up, to be removed to the state having jurisdiction of the crime.

The implementation of this constitutional provision was effectuated by the enactment of 18 U.S.C. § 3181, et. seq. (1964). Although these federal provisions are controlling,[3] the United States Supreme Court has held that in the extradition field there has not been federal preemption. In *Innes v. Tobin*,[4] the Court stated:

. . . the reasonable assumption is that by the omission to extend the statute to the full limits of constitutional power it must have been intended to leave the subjects unprovided for not beyond the pale of all law, but subject to the power which then controlled them,— state authority until it was deemed essential by further legislation to govern them exclusively by national authority.

---

1. M.C.L.A. § 780.22(3).

2. AS 12.75.230 provides:
   A party to a proceeding by habeas corpus may appeal from the judgment of the court refusing to allow the writ or a final judgment therein in like manner and with like effect as in an action. No question once finally determined upon a proceeding by habeas corpus shall be re-examined upon another or subsequent proceeding of the same kind.

3. *Kostic v. Smedley*, 522 P.2d 535, 536 n. 5 (Alaska 1974).

4. 240 U.S. 127, 134–135, 36 S.Ct. 290, 292, 60 L.Ed. 562 (1916).

In fact, such conclusion is essential to give effect to the act of Congress . . . .

Accordingly, while state-enacted extradition laws are not limited solely to the scope of the federal legislation, they are ancillary and must be consistent with the federal law.[5] Alaska adopted such a body of ancillary extradition law with its enactment of the Uniform Extradition Act,[6] which provides in part:

Form of demand. (a) No demand for the extradition of a person accused but not yet convicted of a crime in another state shall be recognized by the governor of this state unless made in writing and containing the following:

(1) an allegation that the accused was present in the demanding state at the time of the commission of the alleged crime and that thereafter he fled the demanding state; except that this allegation shall not be required in a proceeding based on § 50 of this chapter;

(2) a copy of an indictment found or an information supported by affidavit in the state having jurisdiction of the crime or by a copy of a complaint, affidavit, or other equivalent accusation made before a magistrate there; the indictment, information, or complaint, affidavit, or other equivalent accusation must substantially charge the person demanded with having committed a crime under the law of that state, and the copy must be authenticated by the executive authority making the demand.[7]

We recently noted in Kostic v. Smedley [8] that judicial review of extradition statutes was to be limited to:

(1) whether a crime has been charged in the demanding state, (2) whether the person in custody and seeking habeas corpus is the one charged with such crime, (3) whether such person is a fugitive from justice, and (4) whether the supporting documents from the governor of the demanding state are of proper form and content.

(Footnote omitted)

Additionally, in Kostic this court ruled that a person has an express right to test the validity of his extradition.[9] The Kostic ruling was in accord with this court's earlier decision in Wortham v. State,[10] wherein we stated:

We agree that persons subjected to extradition proceedings are protected by certain constitutional rights which assure that the extradition power is not applied against them in an oppressive or arbitrary manner. But the probable cause requirements for rendering up an alleged parole violator are, in our opinion, less stringent than the requirements for extraditing one who has only been charged with and not convicted of a crime.

Thus, Kostic established a procedural right to implement the protections against arbitrariness insured by the Wortham probable cause requirement. When we first noted in Brown v. State, 518 P.2d 770, 772 (Alaska 1974), the application of fourth amendment protections to extradition proceedings, we stated:

A fair argument can be made that fourth amendment rights should apply in interstate rendition proceedings in the asylum state when the suspect has not been indicted. Note, Interstate Rendition and the Fourth Amendment, 24 Rutgers L.Rev. 551 (1970). However, in this case the requisition papers included an indictment. The necessary probable

---

5. *Moser v. Zaborac*, 514 P.2d 12 (Alaska 1973); *Application of Fedder*, 143 Cal.App. 2d 103, 299 P.2d 881 (1956); *State v. Hughes*, 68 Wis.2d 662, 229 N.W.2d 655 (1975).

6. AS 12.70, *et seq.*

7. Codified as AS 12.70.020(a).

8. 522 P.2d 535, 538 (Alaska 1974). *See also Woods v. Cronvich*, 396 F.2d 142, 143 (5th Cir. 1968); *United States ex rel. Tucker v. Donovan*, 321 F.2d 114, 116 (2d Cir. 1963), *cert. den. sub nom. Tucker v. Kross*, 375 U.S. 977, 84 S.Ct. 496, 11 L.Ed.2d 421 (1964).

9. 522 P.2d 535, 537 (Alaska 1974).

10. 519 P.2d 797, 800 (Alaska 1974).

cause determination was made in Nevada when the matter was considered by the grand jury. For this reason, a second probable cause hearing in Alaska is not necessary in interstate rendition proceedings when the demand for extradition is ground upon an indictment. Accompany affidavits are not necessary to supplement the indictment.

Justice Boochever, concurring in *Brown*, did in fact use the probable cause standard to test the validity of the extradition:

> For the reason that I find that the transcript of the grand jury proceedings, the affidavits submitted, and the reasonable inferences derived therefrom indicate probable cause that appellants committed a crime under Nevada law, I concur in the result.[11]

We now hold that where there is no probable cause established as before a grand jury, the complaint and supporting papers of the demanding state must establish probable cause before extradition from Alaska will be permitted.[12]

In this state the form of the extradition demand is provided for in AS 12.70.-020, which states the form may be "a copy of a complaint, affidavit, or other equivalent accusation made before a magistrate there . . . ." In this proceeding, the requisition papers submitted by the Governor of Michigan included a copy of a complaint, warrant and an affidavit by the prosecuting attorney of Tuscola County, Michigan.

The complaint and warrant are identical, both based on information and belief. The complainant is Gene DuBuc, and the complaining witness is Larry Walker. As such, Walker stated under oath before a magistrate that based on information and belief, he had good reason to believe the appellant "did deliver a controlled substance, to-wit: phencyclidine to the above-named complainant" in violation of Michigan Statutes Annotated 18.1070(41)(1)(b)." The affidavit of the prosecutor is also based on information and belief and is verified by a magistrate.

No one asserted personal knowledge of the facts to which they swore. The sources and details of their information and belief are not disclosed. The trial judge therefore properly found the requisition papers insufficient since they failed to establish probable cause that the offense had been committed by the appellant.

As we have previously stated in this opinion, extradition among the states is governed primarily by the United States Constitution and implementing federal legislation.[13] The State of Alaska recognizes federal supremacy in the area of extradition in AS 12.70.010, which states:

> *Subject to the provisions of this chapter, the provisions of the constitution of the United States controlling, and any and all acts of Congress enacted in pursuance thereof*, it is the duty of the governor of this state to have arrested and delivered up to the executive authority of another state a person charged in that state with treason, felony, or other crime, who has fled from justice and is found in this state. (Emphasis added)

The federal statute governing extradition among the states, 18 USC § 3182, sets forth the following requirements:

> Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment

---

11. 518 P.2d at 773.

12. *Kirkland v. Preston*, 128 U.S.App.D.C. 148, 385 F.2d 670 (1967); *United States ex rel. Grano v. Anderson*, 318 F.Supp. 263 (Del.1970), aff'd 446 F.2d 272 (3rd Cir. 1971); *Allen v. Cronin*, 543 P.2d 707 (Colo. 1976); *Grano v. State*, 257 A.2d 768 (Super.

Ct.Del.1969); *Sheriff v. Thompson*, 85 Nev. 211, 452 P.2d 911 (1969).

13. *See* text at notes 2 and 3, *supra*. *See also Smith v. State of Idaho*, 373 F.2d 149 (9th Cir. 1967); *United States ex rel. McCline v. Meyering*, 75 F.2d 716 (7th Cir. 1934).

found or *an affidavit made before a magistrate* of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, *certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled,* the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged. (Emphasis added)

The analogous section of the Alaska Uniform Extradition Act, AS 12.70.020(a)(2), requires that the "affidavit, or other equivalent accusation [must be] made before a magistrate there . . . and the copy must be authenticated by the executive authority making the demand."

 Thus, both 18 U.S.C. § 3182 and AS 12.70.020(a)(2) require that the affidavit in support of an extradition arrest must be made before a magistrate and must be authenticated by the governor of the demanding state. An affidavit made before a notary public is thus insufficient to authorize the issuance of a requisition.[14] An affidavit, information or indictment not certified by the executive of the demanding state to the executive of the asylum state as authentic is inadmissible in the asylum state.[15]

The affidavit of Gene DuBuc does not comply with the requirements of 18 U.S.C. § 3182 and AS 12.70.020, since it was sworn before a notary public and not before a

magistrate as required by those statutes. In addition, the affidavit was not authenticated by the governor of the demanding state as required by both the federal and Alaska statutes. On these facts no probable cause as required by the Fourth Amendment of the United States Constitution has been established. We therefore hold that the writ of habeas corpus should have been granted.

REVERSED.

---

14. It must be authorized by a magistrate, as required by our statute. *See Russell v. State,* 251 Ala. 268, 37 So.2d 233 (1948); *Boothe v. State,* 43 Ala.App. 119, 180 So.2d 450 (1965); *Ex parte Rubens,* 73 Ariz. 101, 238 P.2d 402 (1951); *State ex rel. Huston v. Clark,* 121 Fla. 161, 163 So. 471 (1935); *Ex parte Owen,* 10 Okl.Cr. 284, 136 P. 197 (1913).

15. *See* AS 12.70.020(a)(2), *supra. See also Tiberg v. Warren,* 192 F. 458 (9th Cir. (1911); *State ex rel. Florio v. McCreary,* 123 Fla. 9, 165 So. 904 (1936); *State v. Commisso,* 214 La. 1055, 39 So.2d 729 (1949); *People ex rel. Merklen v. Enright,* 217 App.Div. 514, 217 N.Y.S. 288 (1926); *Thorp v. Metzger,* 77 Wash. 62, 137 P. 330 (1913).