No. 37,140

Morris Elton Brewer, by Velma Overall, his Mother and Natural Guardian, *Appellant*, v. Leonard Turner, Sheriff of Leavenworth County; Parole Agent, State of California, *Appellee*.

(194 P. 2d 507)

Opinion filed June 12, 1948.

*Howard F. McCue, Roy N. McCue,* both of Topeka, and *Homer Davis,* of Leavenworth, were on the briefs for the appellant.

*Edward F. Arn,* attorney general, *Harold R. Fatzer,* assistant attorney general, and *John H. Murray,* county attorney, were on the briefs for the appellees.

The opinion of the court was delivered by

Thiele, J.: This is an appeal from a judgment of the district court of Leavenworth county refusing to grant a writ of habeas corpus.

The evidence in the district court showed that Morris Elton Brewer, sometimes referred to in various records as Morris E. Brewer, was convicted in the state of California of the crime of

burglary in February, 1938, and was committed to the California state prison at San Quentin, for the term prescribed by law (it is stated in other documents that his term was fixed at seven years), and that on June 21, 1940, he was paroled when he had served half his time. While on parole he was arrested in Oklahoma on September 20, 1941, and subsequently tried and convicted of the crime of burglary and sentenced to the Oklahoma penitentiary. On or about April 27, 1942, his California parole was revoked. His sentence in Oklahoma having been served he was discharged. Under date of November 29, 1943, a complaint was filed in the county court of Oklahoma county, Oklahoma, charging that he was insane and upon hearing he was found to be so and on November 29, 1943, he was committed to the state hospital for the insane at Norman, Oklahoma. He escaped from that hospital, at an undisclosed date. Later the state of California made an effort to extradite him from Oklahoma but was not successful as he was no longer in custody. Later in 1944 he was arrested, tried and convicted in the United States district court of Arizona of the crime of unlawfully entering a post office and sentenced therefor to the federal penitentiary at Leavenworth, where he was committed on August 31, 1945. He was released from that institution on November 27, 1947, when he was arrested by the respondent on a warrant of the governor of the state of Kansas, issued on a requisition of the proper officials of the state of California.

On the date last mentioned, Milton Elton Brewer by Velma Overall, his mother and natural guardian, filed his petition for the writ of habeas corpus alleging that he had been legally declared insane and had never been restored to sanity, and that he was illegally restrained of his liberty by the respondent sheriff; that petitioner was informed the state of California sought to have him removed to that state and respondent had some pretended order to deliver him over to the authorities of that state, but that the cause or pretense for his removal was unknown to him and that he was entitled to a hearing before the court to determine the right or authority to return him to California. The district court promptly ordered him to be brought before it on the following day. The sheriff filed his response to the petition for the writ alleging he held the petitioner by virue of a governor's warrant, a copy being attached.

The hearing was held at the appointed time, evidence was received from which the facts above stated were developed, and at the con-

clusion of the hearing the district court found the prayer of the petition should be denied and entered judgment accordingly, and the appeal to this court followed.

We first note that this appeal was not argued orally. Prior to its submission appellant filed a brief, raising the principal contention that a person under adjudication of insanity may not be extradited from one state to another there to serve an unexpired portion of a sentence previously imposed in that state. In that brief some complaint is made that the court erred in not granting a continuance of the hearing, although it is conceded that the matter is no longer of importance. We shall not detail the complaint, which arises solely from the fact petitioner changed her counsel. A careful examination of the abstract, which is really a transcript of the proceeding, convinces us that the trial court did not err.

After submission of the appeal without oral argument, appellant obtained additional counsel and a second brief was filed. In this brief it is contended the State of California is not in good faith asking extradition of the prisoner, a contention based solely on a provision of the California penal code that a person cannot be tried or punished for a public offense while he is insane; that California is bound by the Oklahoma adjudication of insanity; that the presumption arising from the Oklahoma adjudication of insanity continues as to petitioner's status and he is not subject to extradition, and that California's jurisdiction over the petitioner is at an end as his sentence has expired.

Although appellant devotes some space thereto and cites authorities in support thereof, we think it may be conceded for the purpose of disposing of this appeal that a judgment duly rendered in a state court that a named person is insane is entitled to full faith and credit in another state, and that it may not be attacked collaterally, and also that the status of insanity having been shown there is a presumption the status continues. A determination of those contentions favorable to the appellant does not, however, determine that he may not be extradited to California, there to be subject to its laws and there to have determined whether he must serve an unexpired part of a sentence following conviction of a felony and imposed upon him some years prior to an adjudication of his insanity made in Oklahoma.

Appellant contends that a person under adjudication of insanity may neither be tried, sentenced nor punished for his derelictions,

nor where the adjudication occurs while on parole may he be compelled to serve the remainder of a sentence imposed while he was sane, citing among other authorities *Ashley v. Pescor*, 147 F. 2d 318, and *Chaloner v. Sherman*, 242 U. S. 455, 37 S. Ct. 136, 61 L. Ed. 427. He also directs our attention to *Brewer v. Hunter*, 163 F. 2d 341. In that action, commenced in the United States district court of Kansas, the present appellant sought a writ of habeas corpus to procure his release from the federal penitentiary at Leavenworth, where he was confined under the sentence and judgment of the United States district court of Arizona, in part on the ground that at the time of his trial and the imposition of sentence upon him he was an adjudged insane person. That court denied relief and he appealed. The circuit court of appeals, in its opinion, sets out the facts as there shown and about as outlined heretofore. We note however in that case his proof showed, not that he had escaped from the Oklahoma state hospital, but that he had been paroled therefrom. Without detailing in full the reasoning of the court, it was held that the judgment of the Oklahoma court committing Brewer to the mental hospital was not an unimpeachable judgment in the sense that all other courts were bound to give it full faith and credit without inquiry into the facts which support it; that it had been held in Oklahoma that an order entered by a county court sending a person to the state insane asylum for treatment is not proof of his insanity, and that the order so made is not admissible in evidence where one is on trial and the question of insanity is involved, citing *Cook v. State*, 81 Okla. Cr. 337, 164 P. 2d 652. The court concluded that evidence of his release from the hospital by the authorities acquainted with and responsible for his mental condition was competent and sufficient to overcome the prima facie evidence of his mental incapacity at the time of his trial and conviction, and the judgment of the trial court denying the writ was affirmed. In this court appellant's argument is that had it been shown there, as here, that he had escaped from the Oklahoma state hospital rather than that he had been paroled, a different result would have followed. We shall not speculate on that.

Appellant also contends that California lost jurisdiction over the petitioner, in that she voluntarily surrendered her rights to the United States. We need not review any authorities as to waiver for there is no factual basis for the claim. Neither under the evidence is there any room for a contention that California lost juris-

diction because of its attempt to extradite the petitioner from Oklahoma sometime in the latter part of 1943 or the early part of 1944. That attempt was frustrated by his escape from the state hospital. We realize a different statement of facts was made in *Brewer v. Hunter,* supra, but we must treat the fact as being that developed in the trial of this case in the district court.

Some contention is also made that the writ should have been allowed because appellant's sentence in California has expired and there is therefore no basis for California's claim and extradition may not be had. It is contended that under the California statute the penalty for the offense of which appellant was there convicted in February, 1938, was not less than one nor more than fifteen years and that the board of prison terms and paroles, under statutory authority, fixed the term at seven years (see California Penal Code, §§ 461, 1168 and 3020). Our attention is directed to *In re Taylor,* 216 Cal. 113, 13 P. 2d 906, where it was held that a prisoner on parole is constructively a prisoner in legal custody, and it is argued that the seven-year sentence thus expired in February, 1945. It has been shown the parole was revoked in April, 1942. From that time, and while he was a fugitive from the state of California, it may not be argued that he was still serving his sentence, or if it is to be so declared, that declaration should come from a court of competent jurisdiction in California.

Both appellant and appellee direct our attention to *State, ex rel., v. Owen,* 133 Ohio St. 96, 12 N. E. 2d 144, 114 A. L. R. 686, where it was held that lunacy proceedings instituted in the probate court against one charged with crime in a sister state will not prevent the governor of the state from issuing his warrant for extradition of a fugitive from justice, and that the courts of Ohio have no authority in habeas corpus proceedings to consider the question of sanity or insanity of an alleged fugitive from justice, but that question must be determined by the laws and courts of the demanding state. We shall not pause to review the reasoning of that case, which contains citation of many authorities, nor shall we discuss the cases cited in the annotation on "Sanity or insanity or pendency of lunacy as matters for consideration in extradition proceedings," following the report of the above case in 114 A. L. R. 693, reference being made thereto, as supporting the holding of the court as above indicated. Appellant's only comment on this case is that it is not in point because while there were lunacy proceedings pending, there had been no adjudication of insanity. It is to be noted however the

opinion dwelt with the question generally and in the course thereof cited *Drew v. Thaw,* 235 U. S. 432, 35 S. Ct. 137, 59 L. Ed 302, where it was held that whether the alleged fugitive was insane at the time of the commission of an offense could not be determined by the laws of the state where he sought asylum, but must be decided by the courts of the demanding state where the offense occurred. Appellant seeks to distinguish this case as not in point because it involved return of an insane patient to the hospital for insane to which he had been committed and from which he escaped. That conclusion is not correct.

Limits of space preclude detailed reference to *Drew v. Thaw,* supra. Thaw had been committed to a state hospital for the insane and had escaped. It was charged that he had conspired with others to effect his escape and had escaped. He was apprehended in New Hampshire and to avoid extradition to New York he sought a writ of habeas corpus and was discharged. On appeal the supreme court of the United States, in an opinion by Mr. Justice Holmes, reversed and held Thaw should be returned to New York. Although other matters are discussed, the court said that in extradition matters, when tested by proceedings in habeas corpus, the purpose of the writ is not to substitute the judgment of another tribunal upon the law or the facts to be tried; that the question on behalf of Thaw that if he was insane when he contrived his escape he could not be guilty of crime, while if he was not insane he was entitled to be discharged, offered a nice question, but it was a question as to the law of New York which the New York courts must decide. Reference is made to the above opinion for an expansion of the court's view.

In addition to what has been held in the above cases, we note that textbook authority is generally to the effect that where habeas corpus is invoked to defeat extradition, whether the prisoner was insane at the time of the commission of the offense with which he is charged in the demanding state, or is presently insane, is not a question to be decided in a habeas corpus proceeding brought in the asylum state (25 Am. Jur. 200, 39 C. J. S. 561) and that courts in the asylum state have no authority in habeas corpus proceedings to consider the present sanity or insanity of an alleged fugitive from justice (22 Am. Jur. 282).

We are of opinion the question whether appellant is to be excused from serving the unexpired portion of his sentence in California, from which he is concededly a fugitive from justice, because of the adjudication in Oklahoma, is a question which may not be

determined in this state in a habeas corpus proceeding, but is one which should be determined in an appropriate manner in California.

Appellant also contends that the record discloses he was tried in California on an information and not on an indictment by a grand jury and therefore he is entitled to a discharge. Even if properly before us, the contention is not good. (See *Bailey v. Hudspeth,* 164 Kan. 600, 191 P. 2d 894.) He also lists some of our recent decisions in extradition cases and says they are not in point, but makes no further argument thereon.

The judgment of the district court denying a writ of habeas corpus is affirmed.

Cowan, J., not participating.