Peter L. KOSTIC, a/k/a Michael Collins,
Appellant,

v.

Bennie G. SMEDLEY, Corrections Superin-
tendent, State Correctional Center,
Anchorage, Appellee.

No. 2140.

Supreme Court of Alaska.

May 10, 1974.

Herbert D. Soll, Public Defender, Alexander O. Bryner, Asst. Public Defender, Anchorage, for appellant.

Norman G. Gorsuch, Atty. Gen., Juneau, Joseph D. Balfe, Dist. Atty., Stephen G. Dunning, Asst. Dist. Atty., Anchorage, for appellee.

Before RABINOWITZ, C. J., and ERWIN, BOOCHEVER, and FITZGERALD, JJ., and DIMOND, J. Pro Tem.

## OPINION

DIMOND, Justice Pro Tem.

This case involves extradition proceedings. The state of Florida is seeking to have appellant Kostic returned to Florida to be prosecuted for cashing a worthless check in the amount of $50.

Prior to the time extradition was sought, appellant was indicted in Alaska for issuing a check with insufficient funds with intent to defraud. Because of his history of psychiatric illness and of the fact that while in jail he attempted suicide, the Alaska court ordered a psychiatric examination of appellant. This was done by Dr. Aron Wolf, who found that appellant suffered from a mental illness and should be hospitalized and treated. Following this report, the court ordered appellant committed to the Alaska Psychiatric Institute for observation and treatment pending the completion of his psychiatric evaluation.

Subsequently, civil commitment proceedings were instituted here. Appellant was found to be mentally ill and likely to injure himself if allowed to remain at liberty.[1] He was ordered committed to the Alaska Psychiatric Institute for treatment for an indeterminate period. This is his status at the present time.

Upon receipt of the extradition papers from Florida, the Governor of Alaska issued his warrant of arrest of appellant. Under the Uniform Criminal Extradition Act, which has been adopted by Alaska,[2] appellant was taken before a court where he stated that he wished to test the legality of his arrest. He did this by filing a complaint for a writ of habeas corpus.[3] After a hearing, the superior court denied habeas corpus relief and ordered that appellant be made available for transportation to Florida. That order has been stayed pending an appeal to this court.

Appellant contends that because of his mental incompetency he should not be extradited to Florida. He claims that it would be unfair—a denial of due process —to require him to be tried for the Florida offense when, because of his mental illness, he would be unable to assist counsel in his defense.[4]

Appellant's argument finds little support in judicial decisions. The extradition of fugitives from one state to another is governed by Art. IV, § 2 of the United States Constitution which provides:

A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.[5]

■ In following this constitutional mandate, it has been consistently held that it is no obstacle to extradition that the ac-

1. AS 47.30.070.

2. AS 12.70.010–12.70.290.

3. AS 12.70.090; Alaska R.Civ.Pro. 86.

4. Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824, 825 (1960) ; Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).

5. This constitutional provision has been implemented by federal statutes. *See* 18 U.S.C.

Section 3181 et seq. (1964). Since extradition is governed by federal law, we are bound by federal requirements in this area under the supremacy clause, Art. VI, of the United States Constitution which provides:

This Constitution and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land . . . .

cused was insane at the time of the commission of the alleged crime in the demanding state, or that he is presently so mentally incompetent as not to be able to assist his counsel in defending against prosecution for that crime.[6] These issues are to be determined by the court having jurisdiction of the crime, and not by the courts of the state from which extradition is sought.[7]

These decisions, however, do not pass upon the other point made by appellant— that if he is mentally incapable of assisting his counsel in extradition proceedings in Alaska, they must be stayed until his competency has been restored. Although there are no decisions we have been able to find which support this argument, it was suggested in the Colorado case of Luker v. Koch,[8] that such might be the case. The Colorado Supreme Court said:

> The only conceivable situation in which a court in the asylum state might be required to consider sanity would be one in which the petitioner is so incompetent as to be totally unable to assist his counsel in a habeas corpus proceeding in connection with a pending extradition. Such a situation is not presented by this record, and we need not therefore pass upon such an issue.[9]

■ We believe such an issue is not only conceivable, but is present in this

case. A person arrested in Alaska upon an extradition warrant, before being delivered to the agent of the demanding state, has the express right to test the legality of the arrest in a court of this state by way of habeas corpus, and the further right "to demand and procure legal counsel."[10] The only point in affording the arrested person the right to counsel would be so that counsel could represent him in testing the legality of his arrest. But such representation would be a farce if the arrested person were so mentally incompetent that he could not understand the nature of the habeas corpus proceedings or assist counsel in testing the legality of the arrest. The statutory right to have the assistance of counsel would, in such a case, become a nullity. We shall not apply the law in such a manner that an express and unambiguous statutory right has no meaning.

Nor shall we apply the law in such a manner as to possibly deprive appellant of his right to due process of law. Habeas corpus has traditionally been considered as a civil proceeding. But where a possible deprivation of one's liberty is involved, as it is in an extradition matter, habeas corpus proceedings in relation to extradition will be considered criminal in nature.[11]

■ In the context of a criminal trial, the conviction of an accused person who is not mentally competent to stand trial vio-

6. Charlton v. Kelly, 229 U.S. 447, 462, 33 S.Ct. 945, 57 L.Ed. 1274, 1281 (1913); Luker v. Koch, 489 P.2d 191, 193 (Colo.1971); Brewer v. Turner, 165 Kan. 330, 194 P.2d 507, 511 (Kan.1948); State v. Owen, 133 Ohio St. 96, 12 N.E.2d 144 (Ohio 1937); In re Cohen, 11 N.J. 330, 92 A.2d 837, 840 (N.J.App.Div. 1952); State ex rel. Buster v. Purdy, 219 So.2d 43 (Fla.Ct.App.1969); Lathan v. Reid, 108 U.S.App.D.C. 58, 280 F.2d 66, 69 (D.C. Cir. 1960). *See also* Annot., 114 A.L.R. 693 (1938).

7. Charlton v. Kelly, 229 U.S. 447, 462, 33 S.Ct. 945, 57 L.Ed. 1274, 1281 (1913); Luker v. Koch, 489 P.2d 191, 193 (Colo.1971); Brewer v. Turner, 165 Kan. 330, 194 P.2d 507, 511 (Kan.1948).

8. 489 P.2d 191 (Colo.1971).

9. *Id.* at 193–194.

10. AS 12.70.090 provides in part:

No person arrested upon a warrant shall be delivered over to the agent whom the executive authority demanding him shall have appointed to receive him unless he is first taken immediately before a judge of the superior court or a district judge of this state, who shall inform him of the demand made for his surrender, and of the crime with which he is charged, and that he has the right to demand and procure legal counsel. If the prisoner or his counsel states that he or they desire to test the legality of the arrest, the judge of the superior court or the district judge shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus.

11. Mora v. District Court, 494 P.2d 596 (Colo.1972).

lates due process.[12] In order to afford due process of law, it must appear that the accused has a present ability to consult with his attorney with a reasonable degree of rational understanding, and that he has a rational as well as a factual understanding of the proceedings against him.[13]

We apply this same standard in habeas corpus-extradition proceedings. In order to give meaning to the alleged fugitive's right to bring a habeas corpus action to test the legality of his arrest, and to give meaning to his right to demand and procure legal counsel, it is essential to due process that such person has sufficient mental competency to understand the proceedings and to consult with and assist his counsel in such proceedings.

Under the federal constitution and statutes relating to extradition, the obligation of the state to extradite a person arises upon demand by the chief executive of the demanding state which shows that the person is charged with a crime there and is a fugitive from justice. For this reason, the courts have traditionally held that in a habeas corpus-extradition matter the scope of inquiry is limited to the issues of (1) whether a crime has been charged in the demanding state, (2) whether the person in custody and seeking habeas corpus is the one charged with such crime, (3) whether such person is a fugitive from justice, and (4) whether the supporting documents from the governor of the demanding state are of proper form and content.[14]

It is the state's contention that appellant, assuming he were competent, would be able to create no more than a conflict of evidence in regard to the issues that could arise in habeas corpus-extradition proceed-ings. The state claims that this is not sufficient, and that clear and convincing proof—particularly in establishing that the appellant is not a fugitive—would be essential to defeat extradition.[15] Therefore, the state argues that whether or not appellant possesses a present ability to assist his counsel could not be significant, and that he must be extradited regardless of his mental competency.

The state's argument that appellant could create no more than a conflict of evidence misses the point. Such an argument presupposes a hearing where conflicting evidence is presented on the issues within the scope of inquiry at the habeas corpus-extradition hearings. The point we make is that if appellant is so mentally incompetent that he cannot understand the nature of the proceedings or assist his counsel at the hearing, there is simply no way to know whether just conflicting evidence would be presented or whether appellant would be able to establish his contentions by clear and convincing proof.

Appellant has been committed to the Alaska Psychiatric Institute for treatment of a mental illness, based upon a psychiatric evaluation made by Dr. Wolf. The doctor reported that appellant was schizophrenic with a depressive suicidal component, and that he had extremely poor judgment and gaps in his memory—induced by previous electro-shock treatment as well as by his psychosis. Dr. Wolf then went on to say: "I feel with this memory lapse the patient will have a great deal of trouble helping his lawyer with his defense."

Dr. Wolf's reports were made with relation to the Alaska criminal charge against appellant of fraudulently issuing a check with insufficient funds, and also with re-

12. Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); Carroll v. Beto, 421 F.2d 1065, 1067 (5th Cir. 1970).

13. Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824–825 (1960).

14. Woods v. Cronvich, 396 F.2d 142–143 (5th Cir. 1968); United States ex rel. Tucker v. Donovan, 321 F.2d 114, 116 (2d Cir. 1963),

cert. den. sub nom. Tucker v. Kross, 375 U.S. 977, 84 S.Ct. 496, 11 L.Ed.2d 421 (1964); Luker v. Koch, 489 P.2d 191, 192–193 (Colo. 1971); Poulin v. Benefant, 251 A.2d 436, 438 (Me.1969).

15. South Carolina v. Bailey, 289 U.S. 412, 421–422, 53 S.Ct. 667, 77 L.Ed. 1292, 1297 (1932); Luker v. Koch, 489 P.2d 191, 192–193 (Colo.1971).

spect to the proceedings for the civil commitment of appellant for treatment as a mentally ill person. There were no psychiatric reports made regarding appellant's ability to participate and aid his counsel in habeas corpus-extradition proceedings, and the record does not reveal any explicit finding by the superior court on this point.

The case will have to be remanded for a determination of this issue, which may involve further psychiatric evidence. On remand the court shall make an express determination of whether appellant, as a result of mental disease, lacks the ability to aid his counsel and comprehend the nature of the habeas corpus-extradition proceedings with a reasonable degree of rational understanding.[16] If such incompetency is found to exist, the matter of extradition must be stayed until such time as competency has been restored.

The case is remanded for further proceedings consistent with the views expressed in this opinion.

CONNOR, J., not participating.

---

16. With respect to the Alaska criminal charge, Dr. Wolf stated that because of appellant's lapse of memory he would have a great deal of trouble helping his lawyer with his defense. It should be noted that in our recent decision in Fajeriak v. State, 520 P.2d 795 (Alaska, March, 18, 1974), we held that amnesia, whether partial or total, is not an adequate ground for a declaration of incompetency to stand trial.