MR. JUSTICE KELLEY
delivered the opinion of the Court.
Appellant was arrested pursuant to a governor’s warrant which charged him with being a fugitive from Kansas after he escaped from the *455 Kansas State Penitentiary. He filed a petition for writ of habeas corpus, alleging he was not competent to proceed with the extradition-habeas corpus. A writ issued, which was discharged after a hearing.
Appellant contends the issue of competency to contest extradition can be raised in the asylum state. He urges us to adopt the reasoning of Kostic v. Smedley, 522 P.2d 535 (Alaska, 1974), which held the insanity of a client makes a nullity of the right to representation by counsel. Kostic is clearly distinguishable, as the petitioner there had been committed to a mental institution at the time of the hearing. Here, we only have the allegations of appellant’s trial counsel that appellant requested assistance in killing himself and that counsel thought appellant was insane.
The record contains no offer of proof or anything else to substantiate counsel’s bare allegation of incompetency. Thus, we need not determine whether it would be appropriate for the asylum state to consider the sanity of appellant in this type of proceeding. See, Luker v. Koch, 176 Colo. 75, 489 P.2d 191 (1971). No challenge was made to the form or substance of the extradition documents, nor to the identification of appellant as the person sought.
The judgment is affirmed.
MR. JUSTICE PRINGLE does not participate.