Albert FORD, Appellant,

v.

Charles MOSES, Superintendent, Alaska State Jail, State of Alaska, Appellee.

No. 4063.

Supreme Court of Alaska.

Feb. 21, 1980.

Deborah A. Paquette, Asst. Public Defender, Brian Shortell, Public Defender, Anchorage, for appellant.

Charles W. Cohen, John A. Scukane, Asst. Dist. Attys., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

OPINION

Before RABINOWITZ, C. J., CONNOR, and MATTHEWS, JJ., DIMOND, Senior Justice, and SINGLETON, Superior Court Judge.

CONNOR, Justice.

This case presents a relatively narrow question concerning the extradition of fugitives who are wanted for prosecution in another jurisdiction. In the procedural context from which the case comes to us, the issue is whether a person bringing a habeas corpus action to resist an order for extradition need only allege that the state has failed to establish his identity as the person sought by the demanding state, or whether he must affirmatively plead that he is not the person named in the extradition warrant. We hold that one cannot contest his extradition, by means of habeas corpus, merely by alleging that the state has failed to prove his identity.

Albert Ford was arrested in Anchorage on January 20, 1978. He was arraigned before the district court the next day on a complaint charging one "Albert Ford" under AS 12.70.120 with being a fugitive from justice in Ohio. The complaint was based on an allegation by an Alaska State Trooper that he had received telex confirmation from an Ohio prosecuting attorney that a warrant was outstanding on a charge of robbery and that the prosecuting attorney would extradite Ford. The complaint stated Ford's date of birth, height, weight, and social security number. Ford was released on bail after the hearing.

On February 17, 1978, the governor of Ohio requested the rendition of Albert Ford

and forwarded an Ohio indictment. On March 7, 1978, Governor Hammond issued a governor's warrant pursuant to AS 12.70.-060, for the arrest and rendition of Albert Ford. At a district court hearing on March 20, 1978, appellant was served with that warrant.

A petition for a writ of habeas corpus was filed by appellant on March 24, 1978, claiming that the arrest and imprisonment were illegal in that it had not been shown that the appellant was (a) the person as to whom an Ohio indictment was outstanding, or (b) the same person as that demanded in the warrant and application for requisition.

A hearing on the petition was held in the superior court in April of 1978. The court ruled that the petitioner had failed to sufficiently raise the issue of identity in the petition and, therefore, denied it. The court expressed the view that one could not contest the validity of extradition through the procedure of habeas corpus by merely alleging that the state had failed to meet its elements of proof.[1]

Appellant has at no time denied that he is indeed the person indicted or the person requested, but he alleges that the state has presented no direct evidence to show that he is the same person. The complaint does give a minimal description which presumably matches appellant, and contains a recital by a state trooper that an Ohio prosecutor had told him that Ohio "would extradite the above captioned defendant." Although it does not specifically allege that the Ohio warrant refers to the captioned defendant, by giving the brief description of Ford and his social security number, the complaint implies that the trooper had received some kind of corroboration that the Ohio Albert Ford and the Alaska Albert Ford were one person.

In oral arguments on the habeas motion and in its brief to this court, however, the appellee has relied solely on presumptions arising from the presentation of a facially valid governor's warrant and the appearance of identical names on the indictment, requisition, and warrant, to show the identity of the appellant as the person accused of crime in Ohio.

■ Ford correctly notes that, as we said in *Kostic v. Smedley,* 522 P.2d 535, 538 (Alaska 1974), one of the issues which can be raised by a habeas corpus proceeding to test an extradition order is whether the person who is in custody, and who seeks habeas corpus, is the one charged with crime in the demanding state. He argues that because habeas corpus proceedings in relation to extradition will be considered criminal in nature, *Kostic v. Smedley,* 522 P.2d at 537, the state should have the initial burden of establishing the identity of appellant, just as it must establish the elements of its case in a criminal prosecution. He also argues that if he must allege that he is not the person as to whom extradition is sought, it will violate his privilege against self-incrimination.

We find these arguments unpersuasive. In *Kostic v. Smedley,* 522 P.2d 535, we pointed out that the inquiry in habeas corpus-extradition proceedings is limited in scope.[2] The object of those proceedings is

1. By order dated February 22, 1979, this court affirmed the superior court's denial of a writ of habeas corpus, noting that an opinion would follow. On May 24, 1979, we issued a mandate for the extradition of appellant to Ohio. Subsequent application to an individual justice and then to the full court for stay of the mandate was denied. Appellant filed a petition for writ of habeas corpus in the United States District Court on July 5, 1979, and was immediately "granted a stay of the State of Alaska's release to the custody of the State of Ohio until further ordered by this Court" by a United States Magistrate. Habeas corpus relief was denied on October 2, 1979 by the United States District Judge for the District of Alaska.

2. Since *Kostic* was decided, the United States Supreme Court has interpreted the extradition clause of the United States Constitution Art. IV, sec. 2, and the Uniform Criminal Extradition Act as limiting the scope of judicial inquiry in the asylum state:

"Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person

to assure that the extradition power is not exerted against the individual in an oppressive or arbitrary manner, and that due process of law has been fulfilled. But this does not bring into play all of the rules and safeguards that apply to a primary criminal proceeding.

An overwhelming number of courts employ a presumption or inference that where the name of the person in custody, in this case the habeas corpus petitioner, is identical to that appearing in the extradition documents, there is a prima facie showing of identity, and the burden is on the petitioner to adduce evidence that he is not the person demanded. *Smith v. United States,* 92 F.2d 460 (9th Cir. 1937); Annot., 93 A.L.R.2d 912, 930 (1964); *Ex parte Freeman,* 80 Ariz. 21, 291 P.2d 795 (1955); *Samples v. Cronin,* 189 Colo. 40, 536 P.2d 306, 308 (Colo.1975). This is a sensible rule. The state is not put to needless proof of identity against one who is in fact the person sought; yet one who seriously contends that he is not the person sought may obtain a determination of that question in the asylum state.[3]

■ We will employ that rule in this case.[4] Accordingly, we affirm the ruling of the superior court which dismissed the petition. Where the name is identical, as it was here, it is not enough for the habeas corpus-extradition petitioner to merely allege that in the extradition proceedings it had not been shown that he was the person wanted in the demanding state.

■ We find no merit in Ford's self-incrimination argument. He has not been compelled to be a witness against himself in the criminal proceeding in Ohio. Merely requiring him to negate his identity as the person sought could hardly be said to provide evidence which might establish his guilt.

AFFIRMED.

BOOCHEVER and BURKE, JJ., not participating.

named in the request for extradition; and (d) whether the petitioner is a fugitive." *Michigan v. Doran,* 439 U.S. 282, 99 S.Ct. 530, 535, 58 L.Ed.2d 521, 527 (1978).

*Doran* holds that, "once the governor of the asylum state has acted on a requisition for extradition based on the demanding state's judicial determination that probable cause existed, no further judicial inquiry may be had on that issue in the asylum state." 439 U.S. at 282, 99 S.Ct. at 536, 58 L.Ed.2d at 528.

3. Like all presumptive rules, this one must be administered with attention to the factual setting in which it is used. Here there have been two court proceedings with reference to extradition, and at no time therein was the question of identity raised.

4. It is not necessary to this opinion to deal with the quantum of proof necessary to avoid rendition, as this case never proceeded beyond the pleading stage.