■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES HARRIS, Appellant, v PATRICK MAHONEY, Respondent. [604 NYS2d 574] —In a habeas corpus proceeding, the appeal is from so much of a judgment of the Supreme Court, Suffolk County (Rohl, J.), dated December 30, 1991, as denied the petition for a writ of habeas corpus against the petitioner's extradition from the State of New York to the State of Alabama.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

On November 27, 1962, the appellant pleaded guilty to two crimes in the State of Alabama. He was sentenced thereon the same day. In 1964, the appellant escaped from custody in Alabama and fled to New York. Subsequently, Alabama officials requested the extradition of the appellant, and then-New York Governor Nelson Rockefeller signed a warrant of extradition on July 19, 1967. The appellant was arrested on the warrant in 1970. Shortly thereafter, he commenced a habeas corpus proceeding. In 1971, Governor Rockefeller recalled his warrant and the habeas corpus proceeding was dismissed.

In 1990, nearly 20 years later, the appellant pleaded guilty in a New York State court to attempted criminal sale of a controlled substance in the third degree. However, at the time of his plea of guilty, the appellant was unaware that Alabama had renewed its extradition efforts and had issued a fugitive warrant on February 6, 1990. On June 4, 1990, Governor Cuomo signed an extradition warrant. The appellant was sentenced for attempted criminal sale of a controlled substance in the third degree on June 7, 1990.

After the appellant finished serving his sentence for attempted criminal sale of a controlled substance in the third degree, he was further detained on the Governor's warrant. Accordingly, the appellant filed a petition for a writ of habeas corpus and moved to vacate his conviction of attempted criminal sale of a controlled substance in the third degree, arguing that had he known at the time of his plea that extradition proceedings were pending, he would not have pleaded guilty.

We agree with the Supreme Court that Governor Cuomo properly determined to honor Alabama's requisition for extradition and performed a mandated ministerial act in issuing the warrant *(see, Puerto Rico v Branstad,* 483 US 219, 226-227; *People ex rel. Quarterman v Commissioner of N. Y. City Dept. of Correction,* 183 AD2d 736).

The 1971 recall of the warrant and dismissal of the appellant's habeas corpus proceeding does not preclude the appellant from now being treated as a fugitive based on the 1962 Alabama conviction on res judicata grounds, because the 1971 dismissal of the appellant's habeas corpus proceeding did not determine any issues on the merits *(see, e.g., Matter of McCrary v Scully,* 153 AD2d 629). The appellant's remaining contentions in this regard are without merit. Mangano, P. J., Balletta, Copertino and Joy, JJ., concur.