Ricky L. LAVERTY, Appellant,

v.

STATE of Alaska, Appellee.

No. A–6892.

Court of Appeals of Alaska.

Sept. 4, 1998.

---

Mary Deaver, Assistant Public Defender, Palmer, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

Roman J. Kalytiak, Assistant District Attorney, Kenneth J. Goldman, District Attorney, Palmer, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, C.J., and
MANNHEIMER and STEWART, JJ.

*OPINION*

COATS, Chief Judge.

In December of 1995, Ricky L. Laverty was charged in Alaska with being a fugitive from justice from the State of Texas. The State of Texas sought to extradite Laverty for violating his conditions of probation on a conviction for driving while intoxicated. Laverty was taken into custody. District Court Judge Stephanie Joannides found that the extradition request was deficient because the State of Texas did not support its request by establishing either the conditions of Laverty's probation or how Laverty had violated those probation conditions. On May 20, 1996, Judge Joannides granted Laverty's application for habeas corpus because the State of Texas had failed to cure these defects. At the time he was released, Laverty had spent one hundred and sixty-five days in custody on the fugitive warrant.

On September 21, 1997, Laverty was arrested and charged with driving while intoxi-

cated in Alaska. The state also charged Laverty with being a fugitive from justice from the State of Texas based on the original warrant upon which he had been arrested in December of 1995. The State of Texas filed new documentation requesting Laverty's extradition which included a copy of Laverty's probation conditions and a sworn statement of his probation officer which set out Laverty's alleged probation violations. Magistrate David Zwink remanded Laverty on the fugitive warrant and Laverty filed a writ of habeas corpus. In the writ Laverty claimed that his extradition should be barred because he had prevailed on his original writ of habeas corpus which Judge Joannides had granted on May 20, 1996. He argued that his extradition was barred by the double jeopardy clause of the Fifth Amendment to the United States Constitution and by the doctrine of collateral estoppel. He also contended that it was fundamentally unfair to subject him to an extended period of incarceration since he had been held without bail one hundred and sixty-five days, in violation of AS 12.70.140 and AS 12.70.160, while the first extradition attempt was litigated. Superior Court Judge Eric Smith rejected Laverty's contentions. Laverty now appeals to this court. We affirm.

■ The extradition of fugitives between states is governed by article IV, § 2, cl. 2 of the United States Constitution, which provides:

A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime.

Since extradition is governed by federal law, Alaska is bound by federal requirements under the supremacy clause, article VI, of the United States Constitution.[1] "Under the federal constitution and statutes relating to extradition, the obligation of the state to extradite a person arises upon demand by the chief executive of the demanding state which shows that the person is charged with a crime there and is a fugitive from justice."[2] Therefore, the scope of inquiry in a habeas corpus—extradition matter is limited.

In *Michigan v. Doran,*[3] the United States Supreme Court held that, in an extradition procedure, courts of an asylum state may only consider the following questions in a habeas corpus action: (1) whether the extradition documents on their face are in order; (2) whether the petitioner has been charged with a crime in the demanding state; (3) whether the petitioner is the person named in the request for extradition; and (4) whether the petitioner is a fugitive.[4]

In *Hooker v. Klein,* the court described the extradition procedure as follows:

The function of an extraditing court is not to decide the guilt or innocence of the fugitive at law, but rather to determine whether there is "competent legal evidence which ... would justify his apprehension and commitment for trial if the crime had been committed in [the forum] state." ...
A finding of extradition signals the start, rather than the conclusion, of litigation of the fugitive's guilt or innocence. As opposed to a final judgment, it is truly an interlocutory order, more akin to a preliminary hearing on criminal charges. And in that area of law, it is well settled that a finding of lack of probable cause does not bar the state from rearresting the suspect on the same charges.[5]

■ Collateral estoppel precludes relitigation of an issue that has been decided in previous litigation.[6] In order for collateral

**1.** See *Kostic v. Smedley,* 522 P.2d 535, 536 n. 5 (Alaska 1974).

**2.** *Id.* at 538.

**3.** 439 U.S. 282, 289, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978).

**4.** See also *Ford v. Moses,* 606 P.2d 795, 796–97 n. 2 (Alaska 1980); *Kostic,* 522 P.2d at 538.

**5.** 573 F.2d 1360, 1367 (9th Cir.1978) (citations and footnotes omitted). The quoted language is from *Collins v. Loisel,* 259 U.S. 309, 315, 42 S.Ct. 469, 66 L.Ed. 956 (1922).

**6.** *State v. Williams,* 855 P.2d 1337, 1342 (Alaska App.1993).

estoppel to bar a subsequent proceeding, three requirements must be met: (1) the issue decided in the prior litigation must have been precisely the same as that presented in the subsequent litigation; (2) the prior litigation must have resulted in a final judgment resolving the merits of the issue; and (3) there must be "mutuality" between the parties involved in the actions. Judge Joannides' judgment granting Laverty's application for habeas corpus was merely based on the deficiency in the State of Texas' extradition request. Similar to the situation presented to the Ninth Circuit in *Hooker*, Judge Joannides' ruling was an interlocutory order, as opposed to a final judgment.[7] The doctrine of collateral estoppel did not bar the subsequent action.[8]

█ A defendant's Fifth Amendment double jeopardy rights apply only when the defendant has been tried on the merits on a criminal charge.[9] Since Laverty was never tried on the merits of his case, the double jeopardy clause did not bar the subsequent extradition proceedings.

█ Finally, Laverty argues that it is fundamentally unfair to subject him to an extended period of incarceration since he was held without bail for five and one-half months while the first extradition attempt was litigated, in violation of the Uniform Criminal Extradition Act, set out in AS 12.70. Laverty contends that this illegal detention, in addition to Texas' failure to perfect the first extradition packet, constitutes a waiver of the right to extradite him.

█ Laverty cites no authority in support of his argument and we are aware of none. Where a demanding governor's warrant has been properly issued and served, the asylum state's governor has no discretion to refuse the lawful request of the governor of the demanding state for extradition of a fugitive from justice.[10] Alaska Statutes 12.70.140 and 12.70.160 allow the state to commit a fugitive to jail for up to ninety days pending the issuance of a governor's warrant. Once the statutory time period had expired, Laverty was entitled to be released from custody.[11] But the statutes do not preclude extradition. Indeed, such a preclusion would be contrary to *Michigan v. Doran*.[12]

The order of the superior court is AFFIRMED.

Other courts have held that even a judgment on the merits in a first extradition proceeding does not a bar a subsequent extradition proceeding. *See Ex parte McClintick*, 945 S.W.2d 188 (Tex.App.1997) (holding that a first extradition proceeding cannot act as res judicata to subsequent proceedings); *People ex rel. Schank v. Gerace*, 231 A.D.2d 380, 661 N.Y.S.2d 403 (N.Y.App.Div.1997) (holding that a prior granting of habeas corpus relief in an extradition proceeding will not bar a subsequent extradition proceeding

**7.** *See Hooker*, 573 F.2d at 1367.

**8.** Courts in other states have similarly held that a procedural defect or a governmental delay in prosecuting a first extradition proceeding does not bar a subsequent extradition proceeding. *See State v. Iowa Dist. Ct. for Winneshiek County*, 500 N.W.2d 51 (Iowa 1993) (dismissal of prior extradition proceeding for lack of prosecution did not bar a subsequent extradition proceeding based on sufficient process under either res judicata or double jeopardy because no judgment on the merits was rendered); *Garcia v. Cooper*, 711 P.2d 1255 (Colo.1986) (state not precluded from filing second extradition proceeding after first extradition proceeding dismissed due to requesting state's failure to complete the necessary documents within the statutory time period; first dismissal not an adjudication on the merits); *People ex rel. Harris v. Mahoney*, 198 A.D.2d 466, 604 N.Y.S.2d 574 (N.Y.App.Div.1993) (previous dismissal of habeas corpus proceeding, after governor's warrant of extradition recalled, did not determine any issues on the merits and did not bar subsequent extradition proceedings); *State v. Van Buskirk*, 527 N.W.2d 922 (S.D.1995) (dismissal of extradition proceedings due to requesting state's failure to correct errors in documentation did not bar subsequent extradition proceedings; initial proceedings were dismissed before any issues necessary for extradition were considered or determined).

**9.** *Serfass v. United States*, 420 U.S. 377, 388, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975); *Collins v. Loisel*, 262 U.S. 426, 429, 43 S.Ct. 618, 67 L.Ed. 1062 (1923).

**10.** *Puerto Rico v. Branstad*, 483 U.S. 219, 225–27, 107 S.Ct. 2802, 97 L.Ed.2d 187 (1987).

**11.** *See* AS 12.70.140 and AS 12.70.160.

**12.** 439 U.S. 282, 289, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978).

founded on new process or preclude reappraisal of any factual or legal issues previously determined); *Castriotta v. State*, 111 Nev. 67, 888 P.2d 927 (1995) (holding that a habeas proceeding contesting extradition is not res judicata as to subsequent proceedings so that one state's denial of an extradition request does not bar subsequent extradition by another state based on the same papers); *Hooker v. Klein*, 573 F.2d 1360 (9th Cir.1978) (holding that a court evaluating the legitimacy of a request for extradition does not look at the merits of the underlying case; therefore, a first extradition proceeding will not bar a second proceeding).