NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific Reporter*</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.gov*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| ADAM PHILLIP IVES, | Court of Appeals No. A-13900 |
| Petitioner, | Trial Court No. 3AN-21-06756 CR |
| v. | **O P I N I O N** |
| STATE OF ALASKA, | |
| Respondent. | No. 2742 — March 31, 2023 |

Petition for Review from the District Court, Third Judicial District, Anchorage, David Nesbett, Judge.

Appearances: Tristan Bordon, Assistant Public Defender, and Samantha Cherot, Public Defender, Anchorage, for the Petitioner. Heather Stenson, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for the Respondent.

Before: Allard, Chief Judge, and Wollenberg and Harbison, Judges.

Judge HARBISON.

On January 15, 2020, Adam Phillip Ives was arrested on a fugitive from justice warrant based on information that he had committed a crime in the state of

Washington and had fled to Alaska.[1]  The case was dismissed ninety-one days later, when Washington failed to secure a governor's warrant.  But in September 2021, Ives was again arrested and charged with being a fugitive based on the same Washington arrest warrant.  The district court found that Ives's first case had no bearing on whether he could be committed in the second fugitive case, and the court ordered Ives to post bond in order to be released from custody.

Ives filed a bail appeal, arguing that the bail set by the district court was excessive.  Ives also argued that AS 12.70.140 and AS 12.70.160 limit an accused person's detention without a governor's warrant to a single ninety-day period at most, not renewable ninety-day periods accomplished by re-arresting and re-charging a previously discharged prisoner.

While Ives's bail appeal was pending before this Court, the district court reduced Ives's bail and Ives was released from custody.  We declined to exercise our discretion to review the district court's bail order.

However, we recognized that Ives's appeal raised an important question of law that justified immediate review:  whether the Uniform Criminal Extradition Act (UCEA) authorizes the commitment of a defendant on a fugitive from justice warrant after the defendant was previously committed for ninety days based on the same allegation.[2]  We accordingly converted the bail appeal into a petition for review and accepted the petition in order to address this question.[3]  Approximately two months after

---

[1]  *See* AS 12.70.120 (authorizing the issuance of an Alaska arrest warrant for a fugitive from another state).

[2]  Alaska R. App. P. 402(b)(4).

[3]  *Ives v. State*, 2021 WL 4963601 (Alaska App. Oct. 22, 2021) (unpublished bail order).

we granted Ives's petition, before the briefing was complete, a governor's warrant was issued and Ives was extradited to Washington.

Although Ives's case is moot because he was extradited to Washington while this petition was pending,[4] we have determined that his case raises an important question of law that is capable of repetition but evading review.[5] For the reasons explained in this opinion, we conclude that, under Alaska law, a fugitive from justice may be committed without a governor's warrant for a maximum of a single ninety-day period and that such a "commitment" includes both incarceration and bail restraint.

*The extradition procedure set out by Alaska's UCEA*

Under the extradition clause of the United States Constitution, when a state locates a fugitive from justice within its jurisdiction, the locating state must deliver the fugitive to the state from which the fugitive fled upon request of the executive authority of the requisitioning state.[6] Alaska, like a majority of other states, has adopted the UCEA, which sets out a mechanism by which states may comply with this constitutional mandate.

The UCEA is codified in Alaska as AS 12.70.010 through AS 12.70.290. Under these statutes, a fugitive from justice may be arrested and detained in Alaska based on information from the requisitioning state that the fugitive has been charged with

---

[4] *See Fairbanks Fire Fighters Ass'n, Loc. 1324 v. Fairbanks*, 48 P.3d 1165, 1167 (Alaska 2002) (explaining that a claim is moot if it no longer presents a live controversy).

[5] *State v. Roberts*, 999 P.2d 151, 153 (Alaska App. 2000) (holding that, under the public interest exception to the mootness doctrine, a court may resolve an otherwise moot issue "when the issue is one of public interest which is capable of repetition and may repeatedly circumvent review").

[6] U.S. Const. art. IV, § 2.

a crime, has escaped, or has broken the terms of bail, probation, or parole.[7] The warrant used to effectuate the fugitive's initial arrest is known as a "fugitive warrant."[8] But the fugitive cannot be extradited to the requisitioning state until that state formally submits a demand to the governor of Alaska, and the governor of Alaska signs a warrant of arrest.[9] This warrant is commonly referred to as a "governor's warrant."[10]

Because a fugitive may not be released to the requisitioning state until a governor's warrant has been issued and served, there is necessarily a lapse in time between when a fugitive is arrested on a fugitive warrant and when the fugitive may lawfully be released to a representative of the requisitioning state for extradition. The UCEA thus requires that, upon arrest, the fugitive must be committed "to jail" for a period of up to thirty days during which the requisitioning state may perfect the process for securing a governor's warrant.[11] This commitment may be extended for, at most, an additional sixty days if the requisitioning state has been unable to obtain a governor's warrant within the initial thirty-day period.[12] Under the UCEA a fugitive is entitled to

---

[7] AS 12.70.120; *see also Ford v. Moses*, 606 P.2d 795, 795 (Alaska 1980). Under Alaska law, a fugitive from justice is defined as "a person who, having committed or been charged with a crime in one state, has left its jurisdiction and is found within the territory of another when it is sought to subject him to the criminal process of the former state." *Brown v. State*, 518 P.2d 770, 773 (Alaska 1974).

[8] *See Laverty v. State*, 963 P.2d 1076, 1077-78 (Alaska App. 1998). Alaska Statute 12.70.130 also authorizes the warrantless arrest of a fugitive in limited circumstances not applicable to Ives's appeal.

[9] AS 12.70.020-.070.

[10] *See Ford*, 606 P.2d at 796.

[11] AS 12.70.140.

[12] AS 12.70.160.

be released on bail during this period, unless the underlying offense of extradition is a capital crime.[13]

*The UCEA allows the court to commit a defendant for a single maximum period of ninety days prior to the service of a governor's warrant*

In his petition, Ives contends that the UCEA only allows for a single commitment of up to ninety days pending the service of a governor's warrant. According to Ives, once that period has been exhausted, a fugitive may not be re-arrested for the same out-of-state conduct unless the requisitioning state has obtained a governor's warrant. Ives notes that to allow otherwise would permit a fugitive to be subjected to potentially "indefinite detention via a continuous cycle of catch-and-release," effectively circumventing the statutory time-frame established by AS 12.70.140 through AS 12.70.160.

The State agrees with Ives, and we conclude that the State's concession is well-founded.[14]

When interpreting a statute, Alaska's courts employ a "sliding scale" analysis under which a court considers the legislature's intent as well as the language of the statute itself.[15] In accordance with this principle, we first consider the UCEA's plain language, and we conclude that the meaning of the statutory language is clear. It provides for an initial thirty-day confinement period pending service of a governor's

---

[13]   AS 12.70.150.

[14]   *See Marks v. State*, 496 P.2d 66, 67-68 (Alaska 1972) (requiring an appellate court to independently evaluate any concession of error by the State in a criminal case).

[15]   *See, e.g.*, *State v. Fyfe*, 370 P.3d 1092, 1094-95 (Alaska 2016); *Anchorage v. Beezley*, 435 P.3d 978, 981 (Alaska App. 2018).

warrant, which may be extended for an additional sixty days, but it does not authorize any further extensions.[16]

Furthermore, legislative intent supports this interpretation. When the legislature adopted the UCEA, it explicitly stated that the act should be "so interpreted and construed as to effectuate the general purposes to make uniform the law of those states that enact it."[17] Thus, we must interpret the language of the act as consistently as possible with the courts of other adopting jurisdictions.[18] And all of the other jurisdictions to have considered this question agree that the act allows only for a single commitment of no more than ninety days prior to the service of a governor's warrant.

For example, the Minnesota Supreme Court has explained that "the outer limit of time for which a demanded person may be held in custody pending issuance and service of a governor's rendition warrant is the 90-day limit (initial 30 days, plus further 60 days) mandated by the UCEA."[19] The West Virginia Supreme Court has similarly held that "a defendant incarcerated under a fugitive warrant . . . may not be held solely on that warrant for a period exceeding the aggregate of ninety days."[20] Courts in

---

[16] AS 12.70.140, .160.

[17] AS 12.70.270.

[18] *See Evans v. State*, 820 P.2d 1098, 1100 n.2 (Alaska App. 1991); *Laverty v. State*, 963 P.2d 1076, 1079 n.8 (Alaska App. 1998).

[19] *State v. Phillips*, 587 N.W.2d 29, 36 (Minn. 1998).

[20] *State ex rel. Games-Neely v. Sanders*, 641 S.E.2d 153, 159 (W. Va. 2006).

Florida,[21] Montana,[22] Nebraska,[23] New York,[24] Ohio,[25] Oklahoma,[26] Pennsylvania,[27] Texas,[28] Vermont,[29] and Wisconsin[30] have all similarly concluded that the ninety days prescribed by the UCEA is the outer limit of a state's authority to hold a fugitive pending the issuance of a governor's warrant.[31]

---

[21]  *Orton v. State*, 431 So. 2d 236, 237 (Fla. Dist. App. 1983).

[22]  *State v. Holliman*, 805 P.2d 52, 53-54 (Mont. 1991).

[23]  *Bell v. Janing*, 199 N.W.2d 24, 25 (Neb. 1972).

[24]  *People ex rel. Brandolino v. Hastings*, 421 N.Y.S.2d 893, 894 (N.Y. App. Div. 1979).

[25]  *State v. Haynes*, 456 N.E.2d 1279, 1283-84 (Ohio App. 1982).

[26]  *Carter v. State*, 708 P.2d 1097, 1100 (Okla. 1985).

[27]  *Commonwealth ex. rel. Coffman v. Aytch*, 361 A.2d 652, 654 (Pa. Super. 1976).

[28]  *Lanz v. State*, 815 S.W.2d 252, 254 (Tex. App. 1991).

[29]  *In re Hval*, 537 A.2d 135, 139 (Vt. 1987).

[30]  *State ex rel. Lykins v. Steinhorst*, 541 N.W.2d 234, 238, 240 (Wis. App. 1995).

[31]  The ninety-day statutory time limit is tolled for periods where the fugitive's confinement is justified by charges pending in Alaska. *See Paley v. Bieluch*, 785 So. 2d 692, 695 (Fla. Dist. App. 2001) ("Petitioner's allegations indicate that for most of the time in question, he was held on local charges as well as the fugitive warrant. There is no indication that he has been held in excess of the statutory period solely on the fugitive warrant."); *In re Lane*, 845 P.2d 708, 710 (Kan. App. 1992) ("[T]he district court did not err in allowing Lane to be detained for more than 90 days because the filing of the local charges tolled the running of the 90-day period for so long as he was held on those charges."); *State ex rel. Ehlers v. Endicott*, 523 N.W.2d 189, 193 (Wis. App. 1994) ("[T]he thirty-day and optional sixty-day extension periods for detention only pertain to those fugitives who are not already in custody pending other charges or serving other sentences. Ehlers was already incarcerated, serving a sentence for the conviction of another crime, and therefore the time limits are inapplicable." (citation omitted)).

We accordingly join these courts in concluding that, under the UCEA, a fugitive may not be committed for a period of time greater than ninety days while awaiting the issuance and service of a governor's warrant. We also conclude that, once the initial commitment has expired, the fugitive may not again be committed based on the same out-of-state conduct, except upon the service of a governor's warrant.

*A fugitive is committed for purposes of Alaska's UCEA if they are physically incarcerated or if they are restrained on bail or bond*

Given that the UCEA allows for only a maximum period of ninety days of "commitment" prior to the service of a governor's warrant, the next question raised by this case is whether "commitment" refers to both incarceration and release on bail, or only to incarceration.

Alaska Statute 12.70.140 provides that a fugitive arrested on an out-of-state warrant in Alaska shall be committed "to jail for not more than 30 days . . . unless the accused gives bail . . . or until legally discharged." But under AS 12.70.150, a fugitive from justice shall be released on bail during this period unless the underlying crime of extradition is a capital offense. Furthermore, if the requisitioning state does not obtain a governor's warrant within the initial thirty-day period, the court "may discharge the accused or may recommit the accused for a further period of not more than 60 days, or . . . may again take bail . . . but within a period of not more than 60 days after the date of the new bond or undertaking."[32]

In the briefs submitted to this Court, Ives contends, and the State agrees, that these and other references to "commitment" in the UCEA refer both to incarceration and to bail release. We conclude that the State's concession is again well-founded.

---

[32] AS 12.70.160.

As the State points out, when AS 12.70.140 is read in isolation, it could suggest that the thirty-day limit on commitment is only applicable if the fugitive is in jail, but not if they have been released on bail. However, when we engage in statutory construction, we must, whenever possible, "interpret[] each part or section of a statute with every other part or section, so as to create a harmonious whole."[33] And as the State acknowledges, when AS 12.70.140 is read in conjunction with the following two provisions of the statute, the more compelling interpretation is that the statutory time frame (the mandatory thirty-day commitment and the discretionary sixty-day extension) applies regardless of whether the fugitive is incarcerated or released on bail.

This is also the approach taken by the overwhelming majority of other UCEA jurisdictions.[34] Indeed, we have found only a single case to the contrary.[35]

---

[33] *Kodiak Island Borough v. Exxon Corp.*, 991 P.2d 757, 761 (Alaska 1999).

[34] *See, e.g.*, *Orton v. State*, 431 So.2d 236, 237 (Fla. App. 1983) (holding that UCEA requires discharge of the accused "from custody or bond" after the expiration of the aggregate ninety-day statutory time period); *Stynchcombe v. Whitley*, 242 S.E.2d 720, 721 (Ga. 1978) ("If the warrant is not executed during the 90-day maximum detention period, the accused is clearly entitled to be discharged from jail or bail."); *State v. Phillips*, 587 N.W.2d 29, 34, 36 (Minn. 1998) ("Under the clear language of the UCEA and the facts of this case, the district court was without the authority to hold Phillips in custody and to continue his bond beyond 90 days from his . . . arraignment. . . . . Demanded persons have the right . . . to be confined for only reasonable periods of time, be it through incarceration or bail."); *In re Colasanti*, 249 A.2d 1, 3 (N.J. Super. App. Div. 1969) ("The sections only limit the time during which one arrested as a fugitive may be kept in jail (or on bail in lieu thereof) pending the completion of extradition proceedings and the issuance of the governor's arrest warrant."); *Carter v. State*, 708 P.2d 1097, 1100 (Okla. 1985) (same); *Lanz v. State*, 815 S.W.2d 252, 253 (Tex. App. 1991) ("[Texas's UCEA] outlines the procedure to be utilized in the issuance of a fugitive warrant and provides that an individual arrested pursuant to such a warrant shall not be committed or held to bail for a longer time than ninety days.").

[35] *People v. Williams*, 391 N.Y.S.2d 518, 520 (N.Y. Crim. 1977) ("[The dictionary]
(continued...)

Because the legislature's express intent in adopting the UCEA was that the law should be interpreted as consistently as possible with other jurisdictions, we give significant weight to the near-unanimity of the approach taken by other jurisdictions. Given that this approach is in accord with our interpretation of the statute's plain language, we now hold that "commitment" for purposes of the UCEA refers to both incarceration and constraint on bail.

*Conclusion*

For the reasons explained in this opinion, we conclude that, under the UCEA, any commitment to await the issuance and service of a governor's warrant is limited to a single period of up to ninety days. We also conclude that commitment includes both incarceration and release on bail or bond.

---

[35] (...continued)
defines 'commitment' as a 'consignment to a penal or mental institution.'"). *Contra, e.g.*, *Jones v. People*, 404 N.Y.S.2d 525, 526 (N.Y. Cnty. 1978) ("It is apparent that this 90 day limit would be the maximum time that the fugitive could be detained or held on bail.").